BENNETT VS. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

Where an animal, permitted by its owner to run at large upon commons adjoining the depot grounds of a railroad company, escapes from such grounds upon the railroad track, the company is not liable for injuries done to such animal by one of its trains, unless the injury is inflicted *wilfully*, or through the *gross* negligence of the company's servants.

The owner of an animal injured by a railway train cannot recover damages under ch. 268, Laws of 1860, by merely showing that near the place where the injury happened, and near the depot of the company, land occupied by the company for its track, other than its depot grounds, was unfenced; but he must show that the animal got upon the track at a point where the company was bound to maintain a fence, but neglected to do so.

APPEAL from the Circuit Court for *Dodge* County.

Action to recover damages for injuries done to a colt belonging to plaintiff, and alleged to have resulted from the negligence of defendant's servants in running a train upon its track.

Verdict and judgment for plaintiff; and defendant appealed.

The questions presented by the record are sufficiently stated by the court.

*Enos & Hall*, for appellant. [No printed brief.]

*Billinghurst, Lewis & Fribert*, for respondent, cited secs. 1 and 2, ch. 280, Laws of 1860; *Corwin v. N. Y. & E. R. R. Co.*, 3 Kern., 42; *Stucke v. M. & M. R. R. Co.*, 9 Wis., 210; and argued that when the plaintiff had shown a portion of the railroad unfenced, the defendant, to escape liability under the act

of 1860, should have shown what constituted their depot grounds, or that they owned such grounds.

*By the Court*, COLE, J.　It appears to us that there was error in the refusal of the circuit court to give the first and sixth special instructions as asked by the defendant on the trial. By the first instruction the court in effect was asked to charge the jury, that if they were satisfied from the evidence that the plaintiff's colt went upon the track of the railroad from the depot grounds of the company, then the plaintiff could not recover, unless the proof showed that the agents of the company were guilty of gross negligence.　The court gave the instruction after striking out the word " gross."　In the sixth instruction the court was asked to instruct the jury, that if they believed from the evidence that the plaintiff turned his colt at large in the vicinity of the defendant's depot grounds, and the colt went on to the track of the road from said grounds, then the plaintiff could not recover, unless the evidence showed that the agents of the company wantonly caused the injury. This instruction the court gave after striking out the word " wantonly " and inserting in lieu thereof the words " negligently or wilfully."

The action was brought to recover damages for injuries done to a colt by a locomotive and train of cars, while the colt was on the railroad track a short distance south of the depot at Juneau.　There is a common, or some uninclosed land, adjoining the depot grounds at that place.　The precise limits of the depot grounds are not ascertained, and it does not satisfactorily appear where the colt entered upon the track, whether from the grounds used by the company for depot purposes or from some uninclosed lands near the railroad track, where the company was obliged by law to fence its road.　But that there was testimony from which a jury might have found that the colt entered upon the railroad track directly from the depot grounds, cannot be denied.　This being so, what rule of law would

measure the liability of the company upon such a state of facts? Would the company only be liable for injuries occasioned by the gross negligence of its servants in the management of its trains, or does the law attach to it a more strict liability under these circumstances? From the qualifications placed upon the above instructions, the circuit court in effect ruled that where animals were upon the depot grounds of a railroad corporation—where of course they had no right to be —and should pass from such grounds upon the railroad track, and should happen to be injured or killed from the want of ordinary care and diligence on the part of the employees of the company, yet the company is liable in damages for injuries thus occasioned. It is evident that such is really the scope and effect of the instructions as given to the jury; and this too in a case where the colt was a trespasser, and escaped upon the track from land which the company was under no obligation to fence. Now the question is, is this not holding the company to a stricter liability than the principles of the common law will warrant? It appears to us that it is. The authorities upon this subject are fully considered in the case of *Stucke v. The Mil. & Miss. R. R. Co.*, 9 Wis., 202, and need not be examined here. We do not understand the cases to hold that at common law the company was liable for injuries resulting from a want of ordinary care where the cattle strayed upon the track and depot grounds and were trespassers when injured. The liability of the company growing out of the statute requirement to fence its road, will be hereafter considered. That liability does not affect the present question, since the law expressly provides that the company need not fence its depot grounds. We are now to ascertain whether the company is liable for injuries occasioned by ordinary negligence where cattle escape upon its track from its depot grounds. The instructions assume that the colt was injured by entering upon the railroad track from such grounds, which the company was not bound to fence and where the colt was a trespasser. And

the court ruled that if it received the injury while thus stray-ing upon the track from the depot premises of the railroad company, in consequence of the want of ordinary care and dil-gence on the part of the servants, then the company must re-spond in damages. This is not a case where the colt broke from some inclosure and strayed upon the road. For the plaintiff himself testified that he turned the colt out on the common about a week before it was injured. Now in permit-ting the colt to run at large on a common adjoining the rail-road and depot grounds, from whence he would probably, if not certainly, stray upon the track and be exposed to collision with trains of cars passing by, thereby endangering the lives and persons of all on the trains, the plaintiff himself was guil-ty of very great negligence. In the language of the Chief Justice, used in giving the opinion in the case of *Goss* against this same defendant, reported in the 17th Wis., 428: " If the owner rashly or carelessly allows his oxen or horses to go up-on the road, and they are killed by the gross negligence of the company or its servants, it is gross negligence against gross negligence, and there can be no apportionment of damages. In such a case it would seem that nothing short of proof of wanton or malicious injury would entitle him to compensa-tion." P. 433. These remarks are strictly applicable to the facts of this case in the aspect we have been thus far consid-ering it. Therefore the error of the court in refusing to give the above instructions is clear and manifest.

It is claimed, however, that the company is liable because it has failed to comply with chap. 268, Laws of 1860, which imposes upon railroad companies the duty of building and maintaining suitable fences on each side of their roads, with proper cattle guards at the crossings. That statute certainly imposes upon railroad companies this duty; but, as already said, it expressly excepts all depot grounds. Now it is insist-ed that the evidence shows that the road was not fenced where the depot grounds terminated at Juneau, and that consequent-

ly the company is liable irrespective of the question of negligence. The extent of the depot grounds at Juneau is not clearly defined and ascertained, and we are hardly authorized to assume on this record that the company has failed to comply with the law of 1860 in omitting to fence its road at that place. It appears that considerable land is used at that station for depot purposes, but precisely how much is left in doubt and uncertainty. Now if the plaintiff rests the liability of the company on the ground that it has omitted to build and maintain fences as required by statute, then he should show that in consequence of this neglect of duty he has sustained an injury ; in other words, that in consequence of the neglect of the company to fence its road where it was bound to fence it, his colt escaped upon the track at such a point and was injured. If his colt strayed from premises which were not depot grounds, on to the railroad track at a place where the law compelled the company to build and maintain a fence, and was injured, then doubtless the company would be liable for any damages sustained by reason of such neglect, without reference to the question whether there was negligence in the management of the train at the time of the injury or not. *McCall v. Chamberlain*, 13 Wis., 637, and authorities there cited. But if the colt entered upon the track from the depot grounds, which the company was not obliged to fence, then a different rule would apply.

We think these remarks dispose of the case. The judgment of the circuit court is reversed, and a new trial ordered.