## FOWLER VS. THE FARMERS' LOAN AND TRUST COMPANY.

"DEPOT GROUNDS:" *What constitutes?　What evidence admissible?*

1. Proof that ordinary trains must run to a certain point beyond a switch near a depot, in order to switch off to a side track on the depot grounds, *held* not to be conclusive that the track from said switch to said point was within the "depot grounds," so as to justify the court in setting aside a contrary verdict.

2. Where the question is, whether a railroad company was bound to protect a certain portion of its track by cattle guards &c., the jury must determine simply whether it was *used* for depot purposes; and evidence as to whether it was or was not acquired by deed purporting to *convey* it for such purposes, is inadmissible.

APPEAL from the Circuit Court for *Walworth* County.

Action for the value of a mule killed by a train on the Racine & Mississippi Railroad, through the alleged negligence of the defendant, then holding and operating the road. The only question at issue was, whether the spot where the accident occurred was a part of the depot grounds of the company. From the depot the railroad runs a little north of east 400 feet to a switch, which is on the eastern half of a highway running north and south. From the switch a side track 800 feet long runs nearly parallel with the main track past the depot, and does not connect with the main track at the other end. About 238 feet east of the switch is a bridge across Turtle Creek, at the west end of which is a water tank. There was no cattle guard between the depot and the bridge. The mule was on the track between the highway and the water tank. The testimony of Harvey Allen as to the use of that part of the track for switching trains, is stated in the opinion. The court admitted in evidence, against defendant's objection, a deed of Sidney Allen to the railroad company of a certain strip of land three rods wide on each side of its track, and also of "a piece of land for station purposes, lying south of and adjoining" the said strip. Said Allen, for the plaintiff, testified that the eastern boundary of the tract so conveyed for station purposes, was either the west line or the center of the aforesaid highway. He also said: "Between the highway and Turtle Creek there is an embankment from eight to twelve feet high, with a foot path to go to and from the tank. Trains have to run on to the bridge and then back up, to get on to the side track." An engineer of the defendant, as witness for it, testified: "Trains continually stand on the track, from the depot building to the tank, and get their supplies of water from the tank. A train of ordinary length must run to the tank to back upon the side track."

Verdict for the plaintiff; new trial denied; and judgment upon the verdict; from which defendant appealed.

*Fuller & Dyer*, for appellant, contended that the deed from Allen was improperly admitted in evidence; and that the verdict was unsupported by the evidence, and it was error to deny a new trial; citing to the latter point, *Beveridge v. Welch*, 7 Wis., 465; *Whalon v. Blackburn*, 14 id., 432.

*Spooner & Kellam*, for respondent, contended that although the recital in the deed that certain land was to be used for station purposes, was not *conclusive*, yet it was proper to be considered in connection with other evidence as to acts of use, &c. 2. The jury thoroughly understood the issue, and passed upon it intelligently. Admitting the evidence to have been conflicting, their verdict should not be disturbed unless induced by partiality, prejudice, or corruption. 5 Wis., 147; 7 Abb., 419; 2 Hilt., 146; 18 How. Pr., 288.

DOWNER, J. We are asked to set aside the verdict of the jury as against evidence, because the testimony *conclusively* shows that that portion of the railroad between the highway or switch and the bridge was a part of the depot grounds. A depot is a place where passengers get on and off the cars, and where goods are loaded and unloaded; and all grounds necessary or convenient and actually used for these purposes are included in depot grounds. Perhaps, also, as the engine is freequently supplied with wood and water at such places, so much ground as is necessary and used for those purposes, where wood and water are taken at a depot, should be included in depot grounds. Harvey Allen testified that "the track from the highway to the bridge is not used for station purposes, but only for the ordinary purposes of a railroad." He also testified that an ordinary train must run to the bridge in order to switch up and back on to the side track, which is conceded to be on the depot grounds; and, in this particular, all the other witnesses who testify on that subject agree with him. This part of the road then is and must be continually used in connection

with the side track. We are rather inclined to the opinion that the weight of evidence is in favor of that part of the railroad between the switch and bridge being a part of the depot grounds. But we cannot say there was no testimony to support the verdict; and as the question was fairly submitted to the jury, we cannot set aside their verdict for want of evidence to sustain it.

2. The circuit court erred in admitting the deed conveying lands for station grounds. It was clearly irrelevant. It was not material to know how much or how little land the company purchased for depot grounds; but the jury were to find whether the railroad, at the point where the mule was killed, was *used* for such purposes. But judgments will not be reversed for the admission of irrelevant testimony, unless there is good reason to apprehend that such evidence had an improper influence upon the jury. See *Ellis v. Short*, 21 Pick., 142, and authorities there cited. As already intimated, we think the verdict against the weight of evidence; and we think it very probable that the deed tended to divert the attention of the jury from the real question before them, and to limit, in their opinion, the depot grounds to the land bought for that purpose only.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.