47 265|
113 485|

47 265|.
124 614|

47 265|
148 ²167,

47 265
150 ¹258

# Chicago & Grand Trunk Railway Company v. Emma Campbell.

*Certiorari—Assignments of error—Fencing railway track.*

Special assignments of error are not required in *certiorari* cases which are removed to the Supreme Court by writ of error, those contained in the affidavit for *certiorari* being all that are essential.

The statute which requires railroad companies to fence their tracks has no application to station grounds and their approaches. *Flint & Pere Marquette Ry. Co. v. Lull,* 28 Mich. 515.

Therefore a railroad company is not liable for the value of a cow killed on one of the approaches to a station, by an engine run without negligence.

Error to St. Clair. Submitted Oct 20. Decided Jan. 5.

Case. Defendant brings error. Reversed.

*Louis C. Stanley* for plaintiff in error. Act 43 of 1872 requiring railway tracks to be fenced does not apply to depot and station grounds to which the public must have access: *P. C. & St. L. R. R. v. Bowyer* 45 Ind. 496; *I. & C. R. R. v. Oestel* 20 Ind. 231; *I. & St. L. Ry. v. Christy* 43 Ind. 143; *C. C. C. & I. R. R. v. Crossley* 36 Ind. 370; *I. P. & C. Ry. v. Crandall* 58 Ind. 365; *J. M. & I. R. R. v. Beatty* 36 Ind. 15; 1 Redf. Railways 469; *T. W. & W. Ry. v. Chapin* 66 Ill. 506; *I. C. R. R. v. Williams* 27 Ill. 48; *R. R. I. & St. L. R. R. v. Phillips* 66 Ill. 552; *Comstock v. Des Moines R. R.* 32 Ia. 376.

*George P. Voorheis* for defendant in error.

Cooley, J. This action originated in justice's court, where Mrs. Campbell recovered the value of a cow killed on the track of the railway company by one of its passing trains. The case was removed to the circuit court by *certiorari* and thence after affirmance to this court by writ of error. It is

objected that there is no assignment of errors in this court; but that is not essential in such a case. The assignment contained in the affidavit for *certiorari* accompanies the record to the final conclusion.

On the merits the question is whether the evidence tended to establish a liability; and we are constrained to say it did not. No negligence is imputed to the company in the running of its trains; but it is agreed that it was negligent in not so guarding its track by fences that the cow could not have gone upon it. The statement of the evidence is not so full and specific as it ought to have been, but the facts seem to be the following: The plaintiff lived near Emmet station, and allowed her cow to run at large. The cow wandered upon the track of the railway some 160 or 200 yards east of the station-house, and was there run upon and killed. The statute requires the company to fence its track and to put in cattle-guards at road crossings; but this requirement has no reference to station grounds. *Flint etc. Railway Co. v. Lull* 28 Mich. 515. Strictly speaking, perhaps, the place where this cow was killed was not within the station grounds, but it constituted the approach to it, and could not have been fenced without incommoding the company and the public in the transaction of the freight business of the road. The case is therefore within the reason of the case above cited. The regulation for the fencing of the track is established for the public protection and convenience, and a case that incommodes the public is by implication excepted. It would be wholly unreasonable to obstruct with gates the passage of teams to and from the railroad warehouse in order that cattle might safely go at large. The policy of State legislation is against cattle roaming at large, and on a railroad track they are trespassers. The statute for reasons of general protection makes a railroad company liable for their destruction where the fencing is neglected and they wander upon the track in consequence; but there is no statutory neglect when the place is one which the common convenience of the public and the railway company requires should be open for the transaction of their

mutual business.   This, on the evidence, appears to have been the case here.

The judgment must be reversed, with costs of all the courts.

The other Justices concurred.