McDonough, Respondent, vs. The Milwaukee & Northern Railroad Company, Appellant.

*December 6 — December 22, 1888.*

*Railroads: Fences: Killing of stock: Depot grounds: Court and jury.*

At a certain point on defendant's railroad there was a station building, but for several years no agent had been kept there, and the building had been closed up and had gone to decay. Freight, if taken on at that place, was not billed until it arrived at the first station beyond. There was a side track there, where trains sometimes passed each other, and where the company received charcoal to be transported, but there were no grounds for a depot outside of the usual right of way. A cattle-guard had been put in about 350 feet south of the station building, and another about 721 feet north of it and about 350 feet north of the north end of the side track. Beyond these points the road was fenced. In an action for the killing of horses which, as the jury found, got upon the track near

McDonough vs. The Milwaukee & Northern R. Co,

the north cattle-guard where the track was not fenced, the court, assuming that there were depot grounds where the station building was located, submitted to the jury the question whether the point at which the horses got upon the track was within the limits of such depot grounds, and the jury found that it was not. *Held*, that there was no error in thus submitting to the jury the question of the extent of the depot grounds, and that the evidence showing the foregoing facts, among others, justified the finding.

APPEAL from the Circuit Court for *Brown* County.

The case is sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*Alfred H. Bright*, for the appellant, to the point that it is for the court and not for the jury to say whether, under the evidence, a particular locality is depot grounds or not, cited Pierce on Railroads, 30; *Illinois Cent. R. Co. v. Whalen*, 42 Ill. 396; *Chicago & G. T. R. Co. v. Campbell*, 47 Mich. 265; *Flint & P. M. R. Co. v. Lull*, 28 id. 511; *McGrath v. D. M. & M. R. Co.* 57 Mich. 555.

For the respondent there was a brief by *Huntington & Cady*, and oral argument by *H. J. Huntington*.

TAYLOR, J.   This action was brought by the respondent to recover the value of a span of horses which had escaped from his inclosure and was killed upon the track of said appellant by a passing train.   On the trial there was no dispute that the plaintiff's horses were killed by a train on the track of said company, as alleged in the complaint.   There was no contention that the horses escaped from the plaintiff's inclosure by his negligence, nor as to the value of the horses.   The plaintiff based his claim for damages against the company on the ground that the company had neglected to fence its line of road at the point where the horses got upon the tracks of said company, and that by reason of its failure so to fence its track as required by sec. 1810, R. S., as amended by ch. 193, Laws of 1881, the horses got upon the

track, and in a short time thereafter were killed by a passing train of the company.

The only material controversy on the trial was whether the company was bound under the statute to fence its track at the place where the horses of the plaintiff got upon the line of defendant's road. The company contended that the place where they came upon the line of its road was a part of its "depot grounds," within the meaning of these words as used in the statute; and the plaintiff contended there were no "depot grounds" in the vicinity of the place where they got upon the track, and, if there were "depot grounds" in fact in that vicinity, the place where the horses went upon the track was not a part of such grounds, and was unfenced. On the part of the company it was contended that the horses got upon the line of its road very near where there was a flag station, and where its trains stopped to take on passengers when flagged or to let them off when desired. The evidence showed that there had at one time been a station-house at that point, and an agent of the company had been kept there, but for several years before the time in question the company kept no agent there, the station building had been closed up and had gone to decay; that no freight was shipped or delivered at that place in the ordinary way; that if freight was taken on the trains at that place it was not billed until it arrived at the first station beyond; that there was a side track there, where trains sometimes passed each other, and where the company received charcoal and transported it. The evidence also showed that there were no grounds for a depot at that place outside of the usual right of way, and that the company had put in cattle-guards south of the station building about 350 feet, and north of the building about 721 feet, and beyond these points north and south the road was fenced. The evidence also showed that at the time in question the cattle-guard south had been permitted to go to decay.

The company contended that the evidence showed there were "depot grounds" there within the meaning of the statute, and that the horses came upon the track in the immediate vicinity of the old station-house, and so came upon its track at a point where it was not required to fence by the statute. On the other hand, the plaintiff contended that the horses got on the track at a point more than 700 feet north of the station-house, and more than 350 feet north of the north end of the side track at that place; and he further claimed that the evidence did not show that there were any "depot grounds," within the meaning of the statute, at the place where the station-house stood.

The learned circuit judge seems to have come to the conclusion that the company had "depot grounds" at the place where the station-house was located, and he did not submit that question to the jury. He submitted the following questions: "(1) Did the plaintiff's horses, on the night they were killed, go upon defendant's railroad track at a point near the north cattle-guard? (2) If your answer to the first question be 'Yes,' then did said horses remain on said track until they were killed? (3) If you answer the first question, 'No,' then did the horses go upon defendant's track at or near the wagon track across the railroad track south of the depot building? (4) Was the point where the plaintiff's horses went onto the defendant's track last before they were killed, within the limits of defendant's depot grounds? (5) Did the engineer in charge of defendant's train which killed these horses, intentionally or wantonly run over and kill the horses? (6) What was the value of the horses when killed?" The jury answered the first and second questions, "Yes;" the third, fourth, and fifth questions, "No;" and fixed the value of the horses at $300. The jury found that the horses entered upon the track at the north cattle-guard, which was 354 feet north of the north end of the company's side track, and 721 feet

north of the station building; and they have also found that the place where the horses got upon the track last before they were killed was not within the limits of the defendant's depot grounds.

It is claimed by the counsel for the appellants that if there were "depot grounds," within the meaning of the statutes, at the place mentioned, as the learned circuit judge seems to have held, then it was error to submit the question to the jury as to the extent of such grounds; and that the court should have held, as a question of law, that such grounds extended from the south to the north cattle-guard; claiming that the limits of the depot grounds had been designated by the company as the ground between such cattle-guards.

Upon all the other material questions in the case the court charged the jury favorably to the company. He charged the jury that if the horses went upon the track near the station-house, as claimed by the company, then the plaintiff could not recover, unless they found that they were wilfully and wantonly killed. An examination of the instructions of the learned circuit judge will show that upon every point he charged the jury most favorably to the defendant. He stated to them that if the horses got upon the track at one point, and then left the track and returned to it again, that the last entry upon the track was the only one they could consider; and, in effect, if they found that the horses first entered on the track at the north cattle-guard, and then went outside of the right of way, and came upon the track again at or near the station-house, the plaintiff could not recover,— a proposition which perhaps admits of some doubt. Under the instructions of the court and upon the evidence, the jury have expressly found that the horses got upon the track at the north cattle-guard, and continued along down the track, without departing therefrom, to the place where they were killed.

The only possible error that the defendant can complain of is that the jury were not justified in finding that the place near the north cattle-guard was not a part of the company's depot grounds at that point. Taking the view of the case that the trial court did, we think he was right in submitting, as a question of fact, to the jury the extent of the supposed depot grounds. See the following cases in this court: *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77; *Blair v. M. & P. du C. R. Co.* 20 Wis. 254; *Dinwoodie v. C., M. & St. P. R. Co.* 70 Wis. 160, 164–5.

The jury having found, upon sufficient evidence, that the place where the horses entered upon the track was not a part of the depot grounds, and that the track was not fenced at that place, the legal liability of the company was established. *Bennett v. C. & N. W. R. Co.* 19 Wis. 145, 149, 150; *McCall v. Chamberlain,* 13 Wis. 637; *Brown v. M. & P. du C. R. Co.* 21 Wis. 39; *Antisdel v. C. & N. W. R. Co.* 26 Wis. 145; *Pritchard v. L. C. & M. R. Co.* 7 Wis. 232; *Lawrence v. M., L. S. & W. R. Co.* 42 Wis. 322. The jury having found that the horses entered upon the track at a place where the company was by law bound to build and maintain a fence, that it had neglected its duty in that respect, and that the horses, after entering upon the track at such point, remained on said track and were shortly thereafter killed by a passing train, a complete case is established against the company. These facts show with sufficient certainty that the want of a fence caused the injury. See cases above cited.

Upon the questions of law arising on the trial, we think the rulings and instructions of the trial judge were sufficiently favorable to the appellant, and, as said above, upon the questions of fact submitted to the jury their findings and verdict are sustained by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.