JAEGER, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 22 — November 5, 1889.*

*Railroads: Fences: " Depot grounds."*

A mere side track, used only for loading and shipping tanbark, there being no depot buildings or platform, no station or station agent, and no highway leading thereto, does not make a place " depot grounds," within the meaning of sec. 1810, R. S.

APPEAL from the Circuit Court for *Marathon* County. The facts are stated in the opinion.

For the appellant there was a brief by *John T. Fish,* attorney, and *Burton Hanson,* of counsel, and oral argument by *Mr. Hanson.*

For the respondent the cause was submitted on the brief of *Bardeen, Mylrea & Marchetti.*

ORTON, J. This action was brought before a justice to recover as damages the value of the plaintiff's cow, alleged

to have been killed by negligence on the track of the appellant's railroad where it was not fenced. The justice dismissed the complaint, and on appeal to the circuit court the case was tried before a jury, and the court submitted to the jury only the question of the value of the cow, and the verdict was $31.35 damages for the plaintiff. This is an appeal from the judgment on that verdict.

The main defense was that the place where the cow strayed upon the railroad was *depot* ground, and not required to be fenced. The contention of the learned counsel of the appellant is, *first*, that the evidence showed such place to be depot ground; and, *second*, that there was so much doubt about the question on the evidence that it should have been submitted to the jury.

The facts as shown by the testimony are as follows: The place where the cow came on the track is two and one-half miles from the city of Wausau. There is there a switch track, 820 feet long, on the east side of the main track. The road was fenced on the west side, and on the east side, also, up to the first switch, and posts were being put up for a fence on the east side of the switch track, but the fence was not finished until after the cow was killed. The side track at that place was only used for loading and shipping tan-bark that might be brought to that point. There was no highway leading to this side track, and the right of way was only the ordinary width. Nothing had been brought to that point by the road for delivery. There was no depot building or platform to receive passengers or freight, no scales for weighing freight, and no water-tank, and there was no agent of the company there, and the place had no depot name, and was not a station. The only use of the side track was to ship tan-bark, a considerable amount of which was received and shipped during the year; and this was all the use made of it for any purpose. This is substantially all of the evidence on the question.

Jaeger vs. The Chicago, Milwaukee & St. Paul R. Co.

If there was a depot at that point at all, it consisted solely of this side or switch track, so occasionally used for the shipment of but one commodity. If there was a depot at this point in such legal sense that the company need not fence their road on either side of it, then there was a depot almost anywhere and everywhere on their road where they had the same kind of a side track; and so on any railroad in the state. It might be cheaper to construct such side track than to build and maintain fences; and depots of this character might be numberless.

But, seriously, was there a depot at this point, so that the company need not fence their road? There would seem to be no question about it. This place had but one of the characteristics of a depot. As a practical construction of their right, the company had already built a fence on the west side of this pretended depot ground, and were setting the posts for a fence on the east side; clearly indicating that the company did not think it depot ground. If these grounds are depot grounds, the company ought not to fence them, to obstruct the public use; but the fences will probably have no such effect. No case can be found that holds that such a place is a depot, or that the grounds are depot grounds, so that they need not be fenced. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77. In *Dinwoodie v. C., M. & St. P. R. Co.* 70 Wis. 160, the side track was near, and might be a part of, a regular depot, and the question was as to how far the depot grounds extended; but the law governing such cases is laid down in such terms as to exclude this pretended depot in all essential particulars. The case of *McDonough v. M. & N. R. Co.* 73 Wis. 223, was much stronger, and this court held that the jury rightfully found that the place was not depot ground. But the plainest principles of common sense would seem to determine that these grounds were not depot grounds, or used for depot grounds. Therefore there was no question about it to be

submitted to the jury. The court correctly held that the place where the animal came on the track and was killed was not depot ground.

*By the Court.*— The judgment of the circuit court is affirmed.