GROSSE, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*November 9 — November 26, 1895.*

*Railroads: Fences: Depot grounds: Court and jury.*

1. The "depot grounds" which, under sec. 1810, S. & B. Ann. Stats., a railway company need not fence are such grounds only as are reasonably necessary, as well as convenient and actually used, for depot purposes.

2. The unfenced portion of the right of way at a small railway station was one half mile in length and extended, to the north, beyond a switch which was 1.400 feet from the depot building. At a highway crossing a short distance south of the switch it was customary to load and unload freight. Between such crossing and the switch plaintiff's colts came upon the right of way and were killed. *Held*, that it was a question for the jury whether the place where the colts came upon the right of way was a part of the depot grounds.

APPEAL from a judgment of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Affirmed.*

The action is for damages for the killing of two colts by the defendant's train near Little Suamico. At that place the defendant maintains a regular station, consisting of a depot building for freight and passengers, a water tank, cattle pens, and sidetracks. One sidetrack terminates at a switch which is about 1,400 feet north from the depot building. A short distance north of the switch is a cattle guard, and from that point northward the right of way is fenced.

South from this cattle guard the right of way is unfenced for the distance of half a mile. This whole unfenced portion of its right of way the defendant claims to be comprised within its depot grounds. A short distance to the south of this switch two highways intersect the track. At this point of intersection it is the custom to load and unload freight. At a point north of this intersection, but between it and the switch, the plaintiff's colts came upon the right of way, went north upon the track to the cattle guard, and stood there until they were killed by a passing train.

The question litigated was whether the place where the colts came upon the right of way was within the defendant's depot grounds. The question was submitted to the jury, who answered it in the negative. There was judgment for the plaintiff, from which this appeal is taken. The errors assigned are (1) the submission of this question to the jury; and (2) a refusal to set aside the answer as unsupported by the evidence. The question presented by the appeal is, practically, whether there is evidence sufficient to take this question to the jury, or whether the court should have decided it in favor of the defendant.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *W. K. Gibson*.

For the respondent there was a brief by *O. F. Trudell* and *Anderson & Stenjem*, and oral argument by *A. W. Anderson*.

NEWMAN, J. Ordinarily, no doubt, the question whether the *locus in quo* is depot grounds is for the jury. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 78; *Dinwoodie v. C., M. & St. P. R. Co.* 70 Wis. 160; *McDonough v. M. & N. R. Co.* 73 Wis. 223. But, doubtless, there may be cases so clear upon the evidence and situation as to admit of but one conclusion, so that there is no disputed question for the jury to pass upon. In such cases the court should decide the matter

and not submit it to the jury. The appellant contends that this is such a case. But the court has taken a different view of it.

"Depot grounds" have been defined by this court to be "the place where passengers get on and off trains, and where goods are loaded and unloaded, and all grounds necessary and convenient and actually used for such purpose by the public and by the railroad company." This includes the switching and making up of trains, and the use of sidetracks for the storing of cars, and the place where the public require open and free access to the road for the purposes of such business. Cases cited above; *Plunkett v. M., S. S. M. & A. R. Co.* 79 Wis. 222. Such grounds may be left unfenced.

It will be observed that three conditions must concur to constitute the particular grounds depot grounds, within the contemplation of the law. They must be *necessary, convenient,* and *actually used* for the purposes of depot grounds. They must be *necessary.* This, no doubt, is to be interpreted as meaning *reasonably* necessary. It is not enough that they are *convenient and actually used;* they must be *reasonably necessary* as well. No doubt the question of what, or how much, ground at any particular station will be necessary for the convenience of business at that station must, in the first instance, be determined by the company itself. But that determination cannot, considering the nature of the interests involved, in all cases be conclusive. Grounds not reasonably necessary for depot grounds are required to be fenced, both for the safety of the traveling public and the owners of animals which may otherwise stray upon the tracks and be injured. So it seems that cases may arise in which it may properly be a question for the jury whether the place where the animals were injured was within the limits of grounds which were reasonably necessary for depot uses, although they were actually used by the company for that purpose.

In the instant case the portion of appellant's right of way which was left unfenced for depot purposes was one half mile in length. · For that distance its tracks were exposed to the incursions of wandering animals, thus increasing the hazard to passengers upon its trains, and exposing the animals themselves to the perils of passing trains, and their owners to loss. The fact that the company left all this portion of its tracks unfenced is not conclusive that it was all necessary for depot grounds. It was properly a question for the jury.

*By the Court.*— The judgment of the circuit court is affirmed.·