THE MILLS & LE CLAIR LUMBER COMPANY, Appellant, vs. THE CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent.

*October 16 — November 4, 1896.*

*Railroads: Fences: Depot grounds: Reasonableness of extent: Evidence: Killing of stock: Immaterial error: Special verdict.*

1. A place where passengers get on and off trains, where goods are loaded and unloaded, where cars are set out upon side tracks to be loaded and unloaded, stored, and again taken up into trains, is a station where a railroad company may lawfully permit depot grounds to remain unfenced, although there is no depot building there.

2. Depot grounds include that part of the right of way which is left unfenced between switches and cattle guards on either side of the platform, unless the evidence shows that such grounds are unreasonable in extent; and evidence that a place near the switch where the diverging lines of track are near each other was not used for loading and unloading cars, and was inconvenient for such operations on account of the nature of the ground, is insufficient to show such unreasonableness.

3. In an action against a railroad company to recover damages for the killing of mules which had strayed upon depot grounds, not included in an incorporated city or village, and were there struck by a passing train, evidence of the speed of the train and of the omission to give signals is inadmissible.

4. Where the undisputed evidence showed that the accident occurred within the limits of the depot grounds and about 100 feet south

The Mills & Le Clair Lumber Co. vs. The Chicago, St. P., M. & O. R. Co.

of the north switch, the inadvertence of the judge in writing "1,000 feet" in the answer to the question how far south of such place the accident occurred, is *held* not to have been misleading.

5. The failure of the jury to definitely answer a question of the special verdict concerning which the evidence was undisputed, is *held* not to have been a material error.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action for injury to a span of mules by the defendant's train at a station called South Range. The negligence claimed is that at the place of the accident the defendant's road was unfenced, and that the train was run at great speed and without warnings of its approach. The defense claimed that the place of the accident was depot grounds which it was not required to fence, and that the mules had strayed upon the defendant's right of way, and were trespassers there. The place of the accident was left unfenced for depot grounds. There was here a side track, where cars were switched to be loaded and unloaded, and afterwards to be again made up into trains, and where trains met and passed. There was here, also, a commodious platform, where passengers alighted from and were received upon trains, and where freight was received and forwarded. There was also a water tank. There was no depot building or station agent. Two trains each way stopped at this station each day, and other trains passed without stopping. A space 1,000 feet in length of the track was left unfenced for the purposes of a station. There was a switch and a cattle guard at each end of this space. Beyond the switch and cattle guard the right of way was fenced in each direction. The plaintiff's mules strayed upon the right of way and track at some point in this unfenced space. A train, which passed without stopping or slowing down, struck them, killing one and wounding the other. Questions as to the speed of the train, and as to whether the

The Mills & Le Clair Lumber Co. vs. The Chicago, St. P., M. & O. R. Co.

usual warnings of its approach were given, were overruled. There was a general verdict for the defendant. The court of its own motion submitted three special questions, one of which the court answered itself, one was answered by the jury, and to the other the jury answered "No evidence." The questions had only a very limited bearing upon the case. Judgment for the defendant was entered upon the verdict, and the plaintiff appeals.

For the appellant there was a brief by *Murphy & Remington*, and oral argument by *W. D. Dwyer*.

For the respondent there was a brief by *Pope & Perrin*, and oral argument by *Carl C. Pope*.

NEWMAN, J.   The appellant alleges six errors: (1) The exclusion of evidence showing the speed of the train and the absence of warnings by bell and whistle. (2) In not directing a verdict for plaintiff. (3) In submitting to the jury the question whether the place where the mules entered the right of way was depot grounds. (4) By writing into the special verdict the figures "1,000," by mistake, instead of "100," in answer to a question. (5) The jury erred in answering "No evidence" to the question, "How far and in what direction from the place of the accident did the mules enter upon the right of way?" (6) The general verdict is contrary to the law and to the evidence.

No doubt South Range is a station on the defendant's line of road, at which it may lawfully have depot grounds of reasonable extent, which it may permit to remain unfenced. Although its depot accommodations are somewhat limited and meager, it is a place where passengers get on and off trains, where goods are loaded and unloaded, where cars are set out upon side tracks, to be loaded and unloaded, and stored, and again taken up into trains. "Depot grounds" has been defined by this court to be "the place where passengers get on and off trains, and where goods are loaded

and unloaded, and all grounds necessary and convenient and actually used for such purpose by the public and the railroad company. This includes the switching and making up of trains, and the use of side tracks for the storing of cars, and the place where the public requires open and free access to the road for the purpose of said business." *Grosse v. C. & N. W. R. Co.* 91 Wis. 482. The extent of the defendant's depot grounds at South Range was limited and defined by the act of the company itself in the location of its switches and cattle guards. *Prima facie*, no doubt, the depot grounds include all that part of the right of way which is left un-fenced between the switches and cattle guards, on either side of the platform, including the switches and side tracks, and, in the absence of evidence showing that they are unreasonable in extent, will be deemed the true limits. It has even been held by this court, in effect, that depot grounds may be deemed, in some cases, to extend, even beyond a switch, to that point to which an ordinary freight train must run in order to switch and run back upon its side track. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77. The testimony tended to show, not that the space left unfenced was not both convenient and reasonably necessary for proper depot purposes, but that it was not in fact used for loading and unloading cars at the place near the switch, where the diverging lines of track were very near to each other, and where, also, from the nature of the ground such operations were inconvenient. It was at such a point that the mules were struck by the train. Such a situation of tracks relative to each other must be at every place where a side track diverges from the main track, but such situation alone will not be sufficient to show that proper depot grounds may not include such point. One of the proper purposes of depot grounds is space for side tracks and switching ground. There really was no testimony offered or given which tended to show that the depot grounds appointed by the railroad company were unreasonably extensive. So, probably, it was a mistake to submit the

question to the jury. But the mistake worked no injury to the appellant. This disposes of the second and third alleged errors.

. The court rejected evidence to show the speed of the train and the omission to sound the whistle and ring the bell. There is no statute restricting the rate of speed at which it may be lawful to run trains past South Range. *Nolan v. M., L. S. & W. R. Co.* 91 Wis. 16. Signals by the whistle and bell are meant exclusively for the protection of persons who are about to cross the railroad at public crossings. *Voak v. N. C. R. Co.* 75 N. Y. 320. They are not designed for the protection of brute animals, which could not be expected to either understand or heed the warning. Besides, the mules were trespassers on the defendant's right of way. The defendant had no duty to fence against them at that place, and owed them no duty of active care. In such a case the company is liable only for a wilful or unnecessary injury. *Stucke v. M. & M. R. Co.* 9 Wis. 202; *Chicago & N. W. R. Co. v. Goss,* 17 Wis. 428; *Bennett v. C. & N. W. R. Co.* 19 Wis. 145; *Fisher v. Farmers' L. & T. Co.* 21 Wis. 73; *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114; Rorer, Railroads, 487; Wood, Railroads (Minor's ed.), 1859. Such trespassing animals are not, however, outlaws. It is the duty of the train servants, after becoming aware of their presence upon the track, to use all possible and reasonable care to avoid injury to them. If the train can safely, by ordinary diligence, be stopped in time to avoid striking them, the train should be stopped. But it is not required to imperil the safety of the train in order to save the trespassing animals. No evidence was offered or given to show a want of such reasonable care after the perilous situation of the mules became known to the servants in charge of the defendant's train. It was no error to exclude evidence of the speed of the train or the failure to give signals warning of its approach.

A question was asked the jury, in effect, how far south of

the north switch was the place of the accident? The evidence, without conflict, showed it to be about 100 feet. The court wrote the answer "1,000 feet," by some inadvertence. This could have misled no one. There was no dispute that the place of the accident was within the limits fixed by the defendant for its depot grounds, and where its switches and side tracks were placed.

To a question asking where the mules came upon the right of way, the jury answered, "No evidence." While there was, perhaps, no evidence which fixed the precise spot where they entered upon the right of way, it was not questioned that they entered upon some part of the depot. grounds so left unfenced, and not far from the place of 'the accident. It could have introduced no element of certainty not already in the case to have had this question definitely answered.

The verdict is amply sustained by the evidence. No material error is discovered.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.