PRINCE, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*February 13—March 13, 1917.*

*Railroads: Fences: Depot grounds: Injury to person walking beside track: Contributory negligence.*

1. Ordinarily the question whether the *locus in quo* of an accident is depot grounds which need not be fenced is one for the jury; but the evidence as to the location and use of the part of the road where the *injury occurred or where it is claimed* the fence should be may be so clear and free from conflict that it can be said as a matter of law that the place is or is not depot grounds.
2. The place where passengers get off and on trains, and where goods are loaded and unloaded, and all grounds necessary, con-

venient, and actually used for such purposes by the public and by the railway company, including the place where cars are switched and trains made up; also the place where tracks are used for storing cars, and where the public require open and free access to the railroad for the purposes of such business, constitute depot grounds.

3. Plaintiff, an adult familiar with the frequent passage of trains in that locality, was struck and injured by an engine in defendant's depot grounds. He testified that at a street crossing he had looked south and saw no train, though he says one might have been there about 100 feet away. The view to the south was unobstructed for a mile or more. He then turned north and walked about ninety feet along a path five or six feet from the track and when he came to some water or a muddy place he stepped toward the track and was instantly struck by the engine. He had not looked for a train from the time he left the street. *Held*, that he was guilty of contributory negligence as a matter of law.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed*.

Action to recover damages for personal injuries sustained on the 3d day of August, 1915, in the city of Kenosha by being run into by one of defendant's engines. Plaintiff, whose place of business was close to defendant's Y track connecting its north and south main tracks with a track running west, walked west on Market street, crossed the two main tracks and one switch track, and then turned in a northerly direction, following a well-worn path running on the westerly side of and parallel with the connecting or Y track, which curves to the west. About ninety feet north of Market street there was some water or a muddy place in the path, and when plaintiff reached it he turned in towards the track·to avoid it and at the same instant he was hit by the pilot beam of the engine, thrown to one side, and was injured.

The evidence showed that there was no cattle-guard or wing fences at Market street and that the path upon which plaintiff walked was used daily by a large number of people. It also showed that plaintiff looked south for a train when

crossing Market street; thought he did not see any, though he says there might have been one just south and about 100 feet to his left, and that he walked from Market street to the place he was hurt without looking to see if a train was coming. At the close of the testimony on both sides the court directed a verdict for defendant, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Calvin Stewart* and *A. E. Buckmaster* of Kenosha, and oral argument by *Mr. Stewart.*

*R. N. Van Doren* of Milwaukee, for the respondent.

VINJE, J.    The correctness of the trial court's ruling in directing a verdict for the defendant depends largely upon the question whether or not the *locus in quo* was within that part of defendant's road required to be fenced or whether it constituted depot grounds within the meaning of sec. 1810, Stats. 1915, which grounds need not be fenced.    If the *locus in quo* was required to be fenced, then liability follows if plaintiff's entry upon the tracks was caused in whole or in part by the absence of the fence, and contributory negligence does not bar recovery.    But if it was depot grounds not required to be fenced, then contributory negligence would bar recovery.    This question was not directly passed upon by the court below and was not sharply litigated, though the pleadings and evidence present the issue.    The trial court held that plaintiff could not recover even though the place of accident was required to be fenced and there was no fence. We do not find it necessary to decide that question in disposing of the case.

Ordinarily the question whether the *locus in quo* of an accident is depot grounds is for the jury.  *McDonough v. M. & N. R. Co.* 73 Wis. 223, 40 N. W. 806; *Grosse v. C. & N. W. R. Co.* 91 Wis. 482, 65 N. W. 185; *Schwind v. C., M. & St. P. R. Co.* 140 Wis. 1, 121 N. W. 639.    But the evidence

upon the question of the location and use of the part of the road where the injury occurred or where it is claimed the fence should be may be so clear and free from conflict that it can be said as a matter of law that the place is or is not depot grounds. The present case presents the latter situation. The place where passengers get off and on trains, and where goods are loaded and unloaded, and all grounds necessary, convenient, and actually used for such purposes by the public and by the railway company, including the place where cars are switched and trains made up; also the place where tracks are used for storing cars, and where the public require open and free access to the railroad for the purposes of such business, constitute depot grounds. *Plunkett v. M., S. S. M. & A. R. Co.* 79 Wis. 222, 48 N. W. 519; *Grosse v. C. & N. W. R. Co.* 91 Wis. 482, 65 N. W. 185; *Mills & Le Clair L. Co. v. C., St. P., M. & O. R. Co.* 94 Wis. 336, 68 N. W. 996. See, also, note in 7 L. R. A. N. S. 203. In the light of the above definition of what constitutes depot grounds, it is quite clear that the place where plaintiff entered upon the track at Market street as well as the place of injury were within such definition. A plat showing the defendant's depot, yards, and tracks for a considerable distance north and south of the place of accident was received in evidence and it, together with oral testimony, showed that plaintiff was hurt about 600 feet south of the depot at Kenosha; that immediately north of the station was a large number of switch tracks; that at least four of them connected with the main track to the west and two extended south across Market street and ran to quite extensive yards lying some distance south thereof; and that the Y track on which plaintiff was injured was one of the busiest parts of the yard in Kenosha.

There being no duty to fence, the question recurs whether plaintiff was guilty of contributory negligence. He testified that on crossing Market street he looked south and saw no train, though he says one might be standing there about 100

feet to the left.    The view south was unobstructed for a mile
or more, and the train that struck him must have been plainly
visible had he looked and charged his mind with what he was
doing.    According to the fireman, who was the only mem-
ber of the train crew that saw him before he was injured, he
walked north along the path about five to six feet from the
track, and when he came to the water he stepped toward the
track just in front of the engine and was instantly struck by
the pilot beam and hurt.    He says he did not look for a train
from the time he left Market street..    Such conduct in a
grown person familiar with the frequent passage of trains
over those tracks and in full possession of his senses spells
negligence as a matter of law, and the trial court properly di-
rected a verdict for the defendant.

    *By the Court.*—Judgment affirmed.