JACKY, Administrator, Appellant, vs. McADOO, Director General of Railroads, Respondent.

*April 7—September 25, 1920.*

*Railroads: Person crossing track on station grounds: Contributory negligence.*

1. Where a wife, who was at a railroad station to meet her husband, on hearing a locomotive whistle walked out on the platform and saw a train in the yards on tracks that were curved so that she could. not tell which track it was on, assumed it was coming on the fourth track whereas it was on the first, and was struck when attempting to pass through a gate in a fence between two tracks, without looking in the direction from which the train was coming, her administrator cannot recover for her death, as she was guilty of contributory negligence as a matter of law in failing to look or listen for a train before entering upon the track.
2. A traveler is not excused from exercising vigilance to discern whether a track is clear, and cannot assume the absence of danger because a gateway leading to the track is open.

ESCHWEILER and OWEN, JJ., dissent.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover damages for the death of plaintiff's intestate caused about 4 o'clock p. m. May 18, 1918, by being struck by defendant's train as it arrived at the depot at Fond du Lac. There is a principal station and a substation

separated by a picket fence in which there is a gate. This fence and gate separate tracks 1 and 2 and prevent passengers from passing over tracks 2 to 4 when trains arrive. On the day in question the deceased with her son came to the depot to meet her husband, who was to arrive on a train entering the depot on the fourth track. She was well acquainted with the depot, tracks, and surroundings, as she had lived in Fond du Lac for some time and had frequently been to the depot to meet her husband and as a passenger. On hearing an approaching train from the north she walked to the south to a point opposite the gate, which was open, and onto or near track 1, just in front of the train, without looking, and was struck and killed. The jury found that (1) defendant did not use ordinary care in leaving the gate open; (2) such want of ordinary care was the proximate cause of the injury; (3) deceased used ordinary care in not looking to see if a train was on track 1 coming from the north immediately before starting to cross such track; and (4) damages in the sum of $3,000. The court upon motion changed the answer to question 3 from "Yes" to "No" and entered judgment for defendant. The plaintiff appealed.

For the appellant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

*R. N. Van Doren* of Milwaukee, for the respondent.

The following opinion was filed June 1, 1920:

VINJE, J. Did the court err in changing the answer to question 3 from "Yes" to "No," thus finding the deceased guilty of contributory negligence as a matter of law by entering upon track 1 without looking or listening for an approaching train? The trial court has so fully and tersely stated the evidence relative to the question that we embody its statement thereof. The court says:

"The facts of the case are undisputed and clearly established by credible witnesses. The deceased was at the depot to meet her husband, who was coming on a train which was

to enter the depot grounds from the north on the fourth track from the depot. The train was fifteen to twenty minutes late. The intestate knew these facts and probably knew the further facts that this train was the train scheduled for the first arrival, and that another train was scheduled for arrival from the north on the first track from the depot fifteen or twenty minutes later, although there is no direct evidence that she knew the two facts last stated. On the train from the north whistling, the deceased remarked to her son that the train was coming, and walked through the depot and out of the door onto the depot platform. On reaching the platform she looked to the north and saw the approaching train a considerable distance up the yards. The tracks curved so that it was impossible for her to see on which track the train was coming in. She evidently assumed it was coming on the fourth track, whereas it was coming in on the first. Between the first and second tracks was a fence, and in this fence was a gate, which was customarily and according to orders kept shut during the time of the afternoon train arrivals. Whether the intestate knew this or not does not appear. This gate was open at the time involved. The intestate, on seeing the approaching train as stated, turned south and walked slowly for about sixty feet down the platform, passing along four or five feet east of the east rail of the first track. On reaching a point opposite the open gate she turned to the west, manifestly to cross the track through the open gate, and, without looking back or turning her head at all to see if the track to the north was clear, stepped immediately in front of the approaching train. This train was three or four minutes ahead of its schedule time. Whether intestate knew the schedule time of this train does not appear. She was about fifty-two years of age, with ordinary senses of sight and hearing. The engine bell was ringing and the engine and train were making ordinary noises of operation as the train approached. These are all the facts that have any material bearing upon the question of contributory negligence."

To this statement should be added the fact that when the intestate and her son first heard the train the son remarked, "I think the train is coming now," to which she replied, "Do you think it is the train?"—indicating that she was uncer-

tain as to which train was coming. This uncertainty she did not take the precaution to resolve before she was struck by the train. The trial court concluded that under the rule in *Walters v. C., M. & St. P. R. Co.* 104 Wis. 251, 80 N. W. 451; *White v. M., St. P. & S. S. M. R. Co.* 147 Wis. 141, 133 N. W. 148; *Hains v. Johnson,* 154 Wis. 648, 143 N. W. 653; *Meissner v. Southern Wis. R. Co.* 160 Wis. 507, 152 N. W. 291; *Smith v. C. & N. W. R. Co.* 161 Wis. 560, 154 N. W. 623; and *Prince v. C. & N. W. R. Co.* 165 Wis. 212, 161 N. W. 765, the deceased was guilty of contributory negligence as a matter of law in failing to look or listen for a train before entering upon track 1. The conclusion reached is sustained by the cases cited and many others referred to in the *Meissner Case,* on page 509.

Plaintiff argues that the deceased, upon hearing the train whistle, reached the conclusion that it was the one she desired to meet; that she acted upon such conclusion, and upon seeing the open gate thought there was no danger from moving trains and had a right to so conclude and think. This is not the law. She made no adequate observation to determine what train came in. She had no right to assume absence of all danger by reason of the open gateway. In *White v. M., St. P. & S. S. M. R. Co.* 147 Wis. 141, 150, 133 N. W. 148, the court says:

"Even such a persuasive circumstance as gates being raised, where such exist and are customarily let down to bar the way to the track when a train is about to pass, has been held not to excuse a traveler on foot from using, efficiently, his own faculties to discern whether the track is clear before entering upon it," citing *White v. C. & N. W. R. Co.* 102 Wis. 489, 78 N. W. 585, and *Walters v. C., M. & St. P. R. Co.* 104 Wis. 251, 80 N. W. 451.

It is evident that had deceased taken one look to the north before she came within the danger zone of track 1, she could have avoided injury. Failing to do so she was negligent.

*By the Court.*—Judgment affirmed.

Eschweiler, J. (*dissenting*). I think the situation the deceased was in as a licensee upon the grounds of the defendant is so substantially different from that of a person traveling on a highway and governed by different legal rules that the question of the contributory negligence of deceased was properly one for jury determination.

I am authorized to state that Mr. Justice Owen agrees with me in this dissent.

A motion for a rehearing was denied, with $25 costs, on September 25, 1920.