RUSCZCK, Executrix, Respondent, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

*September 15—October 12, 1926.*

*Railroads: Accidents at grade crossings: Negligence of flagman: Proximate cause: Intervening negligence of traveler: Failure to look: Presumptions.*

1. It is presumed that persons will not knowingly and consciously place themselves in imminent danger; but the known existence of a railroad track is of itself a warning, and he who enters the zone of danger without seeing or hearing that which, if he had seen or heard, would have given him warning of an approaching train, lacks ordinary care, and his negligence is in law the proximate cause of his injury. p. 134.

2. Assuming the fact as the jury found, that the flagman at a railroad crossing was negligent in allowing the driver of an automobile to enter upon or proceed to cross a network of tracks at a grade crossing, such negligence did not absolve such driver, while crossing the tracks and where there were frequent opportunities to ascertain whether a train was approaching, of his duty to so look and learn before driving

into the zone of deadly danger; and the negligence of the driver is an intervening negligence which broke the chain of causation arising because of the flagman's negligence. p. 135.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

The plaintiff, first as widow and subsequently also as executrix of Theophil Rusczck, brought this action to recover damages to herself as widow and on behalf of the estate for the pain and suffering of her husband arising from an injury to him on March 23, 1925, and his consequent death forty-four hours afterward.

The husband was riding in an automobile driven by his brother-in-law and returning to the latter's home along Garden street in the city of Kenosha. Thirteen or fourteen tracks of defendant crossed Garden street at substantially right angles and occupied a space of about 300 feet, the greatest space between any such tracks being about thirty-two feet. The collision occurred about 9 p. m. on a dark, clear night. The driver of the automobile had lived for some years within a block of this crossing, which is at the north edge of defendant's depot, and was familiar with its situation, and he and Rusczck had driven over it in the opposite direction shortly before. Each of these two adults had a minor son in the rear seat of the automobile. At the time in question defendant maintained two flagmen at this particular crossing, the only one so manned in Kenosha. One such flagman was stationed at the east end of such crossing and was charged with the duty of observing the approach of trains on the two most easterly of said tracks, which two were set apart by defendant for the north and south-bound through traffic, while the remaining ones were used for switching purposes and under the care of the other flagman.

As the automobile approached from the west it came to a stop outside of such tracks because the most westerly was then occupied by a number of box cars being backed to the

north.    The west-end flagman was on the crossing just east of this occupied track and saw the stopped automobile through openings between the box cars as they passed to the north.    After the track was clear the automobile proceeded easterly across the intervening tracks until struck by the engine of a freight train coming from the south at the second from the east of the tracks.    The two boys in the rear seat, eight and nine years of age respectively, testified in substance that as the automobile started across the westerly track the flagman at that end walked to the north of the crossing alongside of or immediately following the backing engine, and that as the automobile approached the easterly end of this crossing there was no flagman there or signal given of the approaching train.

By special verdict the jury found that there was no negligence in keeping a proper lookout by the crew of the train which struck the automobile as they approached the crossing; that the defendant's flagman at the west end of the crossing negligently failed to signal the driver of the automobile as it approached the west side of the crossing, and that such negligence was a proximate cause of the injuries to and death of Rusczck; that the same flagman negligently failed to warn the driver of the automobile before he drove upon the crossing, and that such negligence was a proximate cause as aforesaid; that the deceased did not fail to exercise ordinary care, and assessed separately the damages for the conscious pain and suffering and the pecuniary injury resulting to the widow from such death.

From a judgment in favor of plaintiff upon such verdict defendant appeals.

*John F. Baker* of Milwaukee, for the appellant.

For the respondent there was a brief by *Cannon & Waldron* of Milwaukee, attorneys, and *Simmons, Walker & Wratten* of Racine, of counsel, and oral argument by *Ray J. Cannon* and *M. E. Walker.*

Rusczck v. Chicago & N. W. R. Co. 191 Wis. 130.

ESCHWEILER, J.   So far as the special verdict is concerned, the judgment in plaintiff's favor in each of the two causes of action must be based upon the conclusion reached by the jury and approved by the trial court that there was negligence by defendant's flagman at the west end of the crossing in his failure both to signal and to warn the driver of the automobile of the danger from the approaching train from the south at the easterly end of the crossing, because there was an express finding, not challenged by plaintiff, that there was no negligence in the crew of the train striking the automobile and no question was submitted to the jury as to any possible negligence of the flagman at the east end.

There is some contradiction and confusion in the testimony as to just what was done by the flagman at the west end, he having seen, as he testified, this train approaching from the south at the east end at the time the automobile crossed the west tracks, so that it was fairly a jury question whether what the flagman did might have reasonably been considered by the occupants of the automobile as an invitation to enter upon the tracks at the westerly end rather than as a warning to proceed no further or to halt before reaching the easterly tracks.   Assuming, as we properly should and may, that there was a failure by this first flagman to either warn or signal as the automobile approached and crossed the first of the westerly tracks, there still remains the important question whether such negligence can be held, under the law, the proximate cause of the injuries to and death of Rusczck.

At several places along the crossing between the westerly and easterly tracks a look to the south would have disclosed the approach of the train, and when within a short distance from the main track in question there could be seen for some distance the headlight on the approaching engine on the straight track south of the crossing.   It is undisputed

that the driver of the automobile knew of the situations as to the tracks and knew or was chargeable in law with knowing of the possibility of train movements at any moment on any of the tracks across or towards which he was driving his automobile after having left the most westerly track. In so driving a distance of at least 200 feet the physical situation was such that a reasonable observance of the care required of him for his own safety, to say nothing of the safety of his own child and of the others in the automobile, would have disclosed the oncoming train in time to have either stopped his automobile or at least to have turned to the north or south sufficiently to avert the terrible disaster.

It is true there is no evidence to show just what was being done or observed by Rusczck or the driver of the automobile in the interval of time between crossing the westerly track and approaching the main tracks, and therefore the deceased, as well as the driver of the automobile, is entitled to the presumption which the law recognizes that parties will not knowingly and consciously place themselves in imminent danger, because of the natural instinct of self-preservation. *Sweeo v. C. & N. W. R. Co.* 183 Wis. 234, 238, 197 N. W. 805; *Worsley v. Johnson,* 172 Wis. 325, 330, 178 N. W. 457. But such presumption and other facts relied upon by plaintiff in support of the verdict and judgment cannot overcome the weight that we are compelled to give to the firmly established rule so often reiterated, and in cases of just such disasters, that the known existence of a railroad track is of itself a warning, and he who so acts as to enter into the zone of such danger without seeing or hearing that which, if he had seen or heard, would have given him the requisite warning of the approaching train, must be held to. be lacking in ordinary care for his own and others' safety so as to make it, in the eye of the law, negligence proximately causing the result. *Meissner v. Southern Wis. R. Co.* 160 Wis. 507, 509, 152 N. W. 291;

*Puhr v. C. & N. W. R. Co.* 171 Wis. 154, 160, 176 N. W.
767; *Jacky v. McAdoo,* 172 Wis. 262, 265, 177 N. W. 885;
*Rowart v. K., G. B. & W. R. Co.* 175 Wis. 286, 290, 185
N. W. 189; *Bahlert v. C., M. & St. P. R. Co.* 175 Wis. 481,
185 N. W. 515; *Roth v. C., M. & St. P. R. Co.* 185 Wis.
580, 584, 201 N. W. 810; *Van Dunk v. C. & N. W. R. Co.*
188 Wis. 476, 484, 206 N. W. 852; *New Amsterdam Cas.
Co. v. C. & N. W. R. Co.* 190 Wis. 203, 208 N. W. 932.

In this case, therefore, assuming that there was negligence
chargeable to the defendant by the conduct of the flagman
at the west end in allowing the automobile to enter upon or
proceed further across the network of tracks, yet such neg-
ligence did not and could not absolve the driver of the auto-
mobile, in proceeding the rest of the distance within which
there were frequent opportunities to see or hear and ascer-
tain whether or not a train was approaching, of his duty
to so look and learn before placing his car and its occupants
in the zone of deadly danger. The negligence of the driver,
therefore, was a negligence intervening between any possible
negligence by the flagman at the west end and the disastrous
result. Such intervening negligence broke the chain of cau-
sation necessary to remain unbroken in order to charge lia-
bility upon the defendant for any possible negligence by its
flagman at the west end. *Wilczynski v. Milwaukee E. R. &
L. Co.* 171 Wis. 508, 513, 177 N. W. 876; *Vaillant v. C.
& N. W. R. Co.* 163 Wis. 548, 158 N. W. 311; *Atchison,
T. & S. F. R. Co. v. Calhoun,* 213 U. S. 1, 7, 29 Sup. Ct.
321; *Davis v. Schroeder,* 291 Fed. 47, 51 (a case quite
similar in facts to the case here); *Stone v. B. & A. R. Co.*
171 Mass. 536, 540, 51 N. E. 1.

It is urged by plaintiff—there having been no question
submitted to the jury and no finding by them as to whether
or not there was possible negligence by the flagman at the
east end of the crossing, who, under the defendant's evi-
dence, was standing on Garden street beyond the most east-

erly of the tracks with the usual signal lantern, and no request for such question—that under sec. 270.28, Stats., we must consider the case as though the trial court had made its findings that there was such negligence and that it was a proximate cause and thereby support the judgment in plaintiff's favor.

We cannot, however, so hold because the negligence of the driver is so plainly an intervening and the proximate cause of the collision that the present result cannot be altered. For as the only witnesses relied upon by plaintiff, namely, the two boys in the automobile, testify that there was no flagman at the east end, then manifestly the driver of the automobile could not have been induced to proceed because of anything that such flagman might have done. On the other hand, the testimony by the flagman himself and other witnesses that he was there stationed at about the center of the crossing was to the effect that he was giving the warning to the occupants of the approaching car, which warnings, if any such were given, were so clearly disregarded by the driver of the automobile. Because, therefore, we find we are unable to avoid the conclusion that the real proximate cause for this terrible result was, under the law as applicable to the record here, the negligence of the driver of the automobile, there cannot be found a proper support for the judgment against defendant as to either of the causes of action herein involved. This disposition of the case makes it unnecessary to consider other questions raised on this appeal.

*By the Court.*—Judgment reversed.

CROWNHART, J., dissents.