FELIX, Respondent, vs. SODERBERG, imp., Appellant.

*December 9, 1931—February 9, 1932.*

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

For the respondent there was a brief by *C. B. Culbertson* of Stanley and *A. W. MacLeod* of Eau Claire, and oral argument by *Mr. MacLeod.*

ROSENBERRY, C. J.  Many questions, some important and some not, are raised in briefs of counsel.  It is claimed that the verdict was perverse as to damages and as to the finding that Fijalkiewicz was free from negligence.  Complaint is made because it appeared in the course of the trial that the defendant Soderberg's car was insured.  It is also claimed that remarks of counsel were prejudicial.  We have carefully examined the record with reference to these assignments of error and find none of them prejudicial.  Similar questions have been treated many times in the opinions of this court and for that reason it is not deemed necessary to restate and rediscuss them here.

The case is argued here, both orally and in the briefs, as if this court was a jury. This court does not retry cases. It reviews the record to ascertain whether or not the judgment is affected by prejudicial error. A jury does not commit error. Its findings may not be reviewed except to ascertain whether or not the trial court erred in sustaining or setting aside the verdict as the case may be. To reargue the whole case as if it were being submitted to a jury is confusing and obscures the real question, which is, Did the trial court err to the prejudice of the party complaining?

It is argued that the plaintiff was guilty of contributory negligence as a matter of law because after reparking his car he voluntarily placed himself in a position where he might sustain injuries by reason of the Soderberg car being struck by oncoming vehicles. It is considered upon this question that the evidence presented a clear jury question and that the verdict of the jury finding plaintiff free from contributory negligence cannot be disturbed.

The most serious contention made by the defendant Soderberg is that the negligence of Fijalkiewicz, operating as an efficient intervening cause, produced plaintiff's injuries and that the defendant Soderberg is not liable to the plaintiff because his negligence was not a proximate cause of plaintiff's injuries, citing *Rusczck v. Chicago & N. W. R. Co.* 191 Wis. 130, 210 N. W. 361.

It appears beyond dispute that plaintiff was hit by the Soderberg car, which in turn was propelled by the force of the collision with Fijalkiewicz's car. The jury found that Soderberg was negligent in leaving his car in the street. From this finding it must be inferred that the Soderberg car was standing diagonally across the street with its front left wheel near the center line of the street, so that a vehicle passing from the north to the south would have to go over to the left or east side of the street in order to avoid striking

it. The jury found Fijalkiewicz not negligent because it believed that Fijalkiewicz, who was following the Smith car coming from the north very closely, did not have a reasonable opportunity to avoid the Soderberg car, which Fijalkiewicz did not see until the first car swung suddenly to the left and exposed it to his view. Fijalkiewicz testified:

"I didn't see the Soderberg car in the highway before the accident. I was going about twenty miles per hour when it happened. I was pretty close to the Smith car ahead but I hadn't caught up to them. I was about fifteen or sixteen feet behind. We had followed them from the corner at something like twenty miles an hour. I followed so close because I didn't expect anything and I could stop if there was anything ahead."

The finding of the jury that Fijalkiewicz was not negligent does not impress us as being so irrational as it did to the trial court. If the finding of the jury had been sustained, then Soderberg's negligence in leaving his car in the street would have been the sole proximate cause of plaintiff's injuries.

The defendant Soderberg's contention is that the fact that his car was in the street would have caused no injury if it had not been struck and therefore the fact that his car was in the street was not a proximate cause of plaintiff's injuries. It is equally true that upon the facts found by the jury it clearly appears that if Soderberg's car had not been negligently left in the street the Fijalkiewicz car coming from the north would have caused no injury to the plaintiff. The trial court set aside the finding of the jury as to the negligence of Fijalkiewicz and held him liable as a matter of law. As to this no question is raised on this appeal. Upon the case as it stands, therefore, it follows as an irresistible conclusion that the negligence of Fijalkiewicz and the negligence of Soderberg operating concurrently caused the in-

juries complained of and so the negligence of each of the actors became a proximate cause of plaintiff's injuries. Applying the so-called "but for rule," [1] the defendant Soderberg argues that but for the negligence of Fijalkiewicz no injury would have resulted from his negligent act. As already pointed out, it may be argued with equal force that but for the negligence of Soderberg the accident would not have occurred. The jury was fully and carefully instructed in regard to proximate causation. Its finding that the defendant Soderberg's negligence was a proximate cause of plaintiff's injuries cannot be disturbed. For an analysis of cases see Green, Proximate Cause, ch. 2, Plural, Concurrent and Intervening Causes, p. 142 *et seq.*

It is further contended that Soderberg had not had a reasonable opportunity to remove his car from the street where it came to rest after it struck the plaintiff's car. Upon this the court, among other things, instructed the jury as follows:

"If the automobile of the defendant Soderberg became disabled on the street so that he could not remove it or so that its lights would not function, it became his duty to exercise reasonable diligence promptly to provide an adequate light to apprise travelers of the presence of the wreck and also promptly to procure efficient means for the removal thereof within a reasonable time. He could not relieve himself from such liability for failure to promptly perform those duties by delegating the performance thereof to another. You will determine what the facts are. Was the automobile disabled so that it could not be promptly removed? Did its lights function, or had the lights been turned off? What was the condition as it existed there? Did the defendant Soderberg attempt promptly to remove the automobile from the position in which it was left after it collided with the plaintiff's automobile? He was not required to do that which was impossible, but did he exercise reasonable diligence and

[1] Green, Rationale of Proximate Cause, p. 180.

did he act promptly and did he do all that he could do, or was he negligent? Did he fail to perform his duty in that regard?"

It is not clear from the evidence what the condition of the Soderberg car was after the accident. It is quite apparent from the verdict of the jury that the jury believed that if Soderberg had acted promptly and efficiently under all the circumstances, the accident would not have occurred and that his conduct in failing to so act was negligent. The testimony as to the length of time which elapsed, as to the exact location and condition of the cars, and as to what happened between the time Soderberg struck plaintiff's car and the time plaintiff was injured, are in dispute. The finding by the jury that Soderberg was negligent is well supported by the evidence. The jury found that the Soderberg car was in the position it occupied after it struck plaintiff's car by reason of Soderberg's negligence. Leaving that factor out of the situation, however, if Soderberg was negligent in failing to remove it before it was struck by Fijalkiewicz, his negligence is fully established. In determining whether or not the verdict of the jury is sustained we must look to that testimony which, even though it be contradicted, tends to sustain the finding of the jury. There is some contention that plaintiff was at the rear of his car. The testimony of the plaintiff and other witnesses places him at the side of his car. All of these matters were under the instructions of the court clearly for the jury and its findings are well supported by the evidence.

*By the Court.*—Judgment affirmed.

FRITZ, J. I do not concur in the conclusion that the negligence of Soderberg can, under the circumstances of this case, be considered a proximate cause of plaintiff's personal injury. Soderberg's negligence in colliding with plaintiff's

car, in the first instance, had ceased as a cause of injury when plaintiff's car came to a standstill some distance ahead on the opposite side of the street, and Soderberg's car came to a standstill crosswise well within the west half of the street. Soderberg's negligence in leaving his automobile in that position would not have been a cause of injury to plaintiff if the latter had not returned his car to the west side of the street and then voluntarily placed it and himself so close to Soderberg's car as to subject himself to danger. Likewise, Soderberg's negligence in leaving his car in that crosswise position would not have caused any injury if, after the existence of that condition for about five minutes, Fijalkiewicz's negligence in operating his car had not caused the second collision. That independent, intervening negligence of Fijalkiewicz, and not the existing condition created by Soderberg, which had become static before Fijalkiewicz ever appeared on the scene, was the proximate cause of plaintiff's personal injury.

The following statement in Wharton on Negligence (2d ed.) p. 110, § 134, is in point:

"Supposing that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a non-conductor, and insulates my negligence so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured. I may be liable to him for my negligence in getting him into difficulty, but I

am not liable to others for the negligence which he alone was the cause of making operative."

That statement of the rule was approved in *Cole v. German S. & L. Soc.* 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416; *Steenbock v. Omaha Country Club,* 110 Neb. 794, 195 N. W. 117; and is in accord with the decisions of this court in *Rusczck v. Chicago & N. W. R. Co.* 191 Wis. 130, 135, 210 N. W. 361; *Wilczynski v. Milwaukee E. R. & L. Co.* 171 Wis. 508, 513, 177 N. W. 876; *Lippert v. Joseph Schlitz B. Co.* 141 Wis. 453, 456, 124 N. W. 491; *Morey v. Lake Superior T. & T. Co.* 125 Wis. 148, 155, 103 N. W. 271; *McFarlane v. Sullivan,* 99 Wis. 361, 364, 74 N. W. 559, 75 N. W. 71. See, also, *Bruening v. Miller* (S. Dak.) 230 N. W. 754; *Falk v. Finkelman,* 268 Mass. 524, 168 N. E. 89.

I am authorized to add that Mr. Justice NELSON joins herein.