COLLAR, Plaintiff and Respondent, vs. MEYER and others, Defendants and Appellants: MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Impleaded Defendant and Respondent.

*September 10—October 14, 1947.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *David L. Fulton* of counsel, all of Appleton, and oral argument by *Mr. Fulton.*

*W. T. Kuchenberg* of Appleton, for the respondents.

FAIRCHILD, J.   The accident occurred about 3:30 in the afternoon of April 20, 1945, on Highway 45, between Greenville Corners and the village of Hortonville.   The appellant Walter Albrecht, who was operating a truck belonging to his employer, Emil Meyer, had been traveling westerly along this highway.   He stopped the truck, intending to get out to relieve himself.   The highway was black-top, about twenty-five feet wide, with gravel shoulders and grass on either side of the black-top.   It appears that Albrecht parked as far over to the right as possible, but the truck extended about three feet onto the black-top.

Respondent was riding as a guest in a car driven by her father, John Dietz, who was a man of seventy-six years of age. He was deceased at the time of the trial so his testimony is not available.   He was also driving in a westerly direction, at a speed of about twenty-five miles per hour.   As he approached, he saw the parked truck when he was about two hundred feet from it, and when he was three or four car lengths behind it, he started to turn to the left in order to pass it.   It appeared that he could and would pass with safety, but another westbound car, not observed by respondent or her father, suddenly came along the side of the Dietz car.   Upon seeing that car abreast of him, Dietz turned his car to the right, striking the left rear part of the truck with the right front part of his car, and causing the injuries to the respondent.   The car which had passed the Dietz car neither stopped nor was it identified.

Before the commencement of this action the Milwaukee Automobile Insurance Company, the insurer of the Dietz car, made settlement with the respondent by obtaining a covenant not to sue, for which the consideration was $800.

Upon trial, the court ruled as a matter of law that appellant Albrecht was negligent in parking his truck on the roadway in violation of sec. 85.19 (1), Stats. 1945:

"*Parking on highway.*   No person shall park, stop, or leave standing any vehicle, whether attended or unattended,

upon any highway outside a business or residence district when it is practical to park, stop or leave such vehicle standing off the roadway of such highway, provided that in no event shall any person park, stop or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of no less than fifteen feet upon the roadway of such highway opposite such standing vehicle shall be left for the free passage of other vehicles thereon. . . ."

The trial court also ruled that as a matter of law Dietz was negligent in his management and control of the car in which respondent was riding. The jury found that the negligence of Albrecht was a proximate cause of the collision and that the negligence of Dietz was a proximate cause of the collision. The jury assessed respondent's damages at $2,293.70. In view of the covenant not to sue and the consideration received therefore, the trial court entered judgment against the appellants and in favor of the respondent for one half that sum, plus costs and disbursements, making the total sum awarded $1,285.58.

The judgment must be reversed. The trial court evidently concluded that the driver might have stopped the truck elsewhere, where it could have been entirely off the roadway, and therefore held as a matter of law that the driver was negligent in parking contrary to sec. 85.19 (1), Stats. Even if the parking of the truck was negligent as a matter of law, it did not cause this accident. That the driver of the car in which respondent was a guest was startled by the sudden coming of the following westbound car is beyond question. Had he held his course and refrained from turning toward the parked truck, no collision would have taken place. The evidence shows that ample room existed for both cars to pass the truck. Twenty-two feet of highway, seven feet more than that required by sec. 85.19 (1) when parking on the roadway is allowed, was left open for the passage of other vehicles south of the parked truck. As suggested by appellant, "The situa-

tion presented by the parked truck was one to which plaintiff's host had completely and safely adjusted himself."

The driver's sudden loss of control of his car was due to a cause disassociated from and in no way connected with the position of the standing truck or its lack of motion. If the truck had been moving at the time of the accident, if the driver, intending to park on the shoulder, for instance, had been in the act of steering the truck off the roadway, there would be no negligence on his part; then it would be clear that the position of the truck would not be the cause of an accident occurring as this one did. One westbound car, passing the truck, suddenly turned to the right when passed by another westbound car at a point where there was twenty-two feet of roadway open and available and clear of the truck. The accident here was caused by the host's failure to exercise ordinary care under the circumstances and not by the condition then existing with relation to the truck. The parking or stopping of the truck had, therefore, no causal relation to this accident.

The facts here present a stronger case for the holding that the defendant's position was not a cause in fact than did the facts in *Swinkels v. Wisconsin Michigan Power Co.* (1936) 221 Wis. 280, 287, 267 N. W. 1. There the plaintiff struck guard posts on the left side of the highway when he was passing a bus that was being operated to the left of the center of the highway. The court pointed out in that case that "whatever negligence may be predicated upon the fact that the bus was being operated to the left of the black line was static, a condition rather than a cause . . . the position of the bus on the highway did not cause the plaintiff's injuries."

Because the facts here warrant a holding that the position of the truck did not cause the accident, this case is to be distinguished from such cases as *Felix v. Soderberg* (1932), 207 Wis. 76, 81, 240 N. W. 836; *Walker v. Kroger Grocery & Baking Co.* (1934) 214 Wis. 519, 528, 252 N. W. 721; and *Butts v. Ward* (1938), 227 Wis. 387, 395–398, 279 N. W. 6;

and *Guderyon v. Wisconsin Telephone Co.* (1942) 240 Wis. 215, 224–226, 2 N. W. (2d) 242, which hold that the evidence sustains findings of causal negligence on the part of those responsible for parking vehicles contrary to the law of the road, ch. 85, Stats.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the complaint.

RECTOR, J. (*dissenting*). The purpose of sec. 85.19 (1), Stats., is to prevent unnecessary highway obstructions. Such bottlenecks constitute hazards which frequently result in accidents. Here the violation of the statute resulted in the very situation which the statute is intended to prevent. It may well be, as held in the majority opinion, that an intervening act of negligence was a cause of the accident. Be that as it may, the relationship of cause and effect existed between the violation of the statute and the accident. It was a contributing factor and therefore a cause. Mr. Justice BARLOW joins with me in the view that the judgment should be affirmed.