John BONNELL, Petitioner-Respondent,†

v.

Betty BONNELL, Appellant.

Court of Appeals

*No. 81–2063. Submitted on briefs January 13, 1983.—*
*Decided January 19, 1983.*
(Also reported in 330 N.W.2d 237.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Roger A. Glenn* and *Bayorgeon & Glenn* of Appleton.

For the petitioner-respondent the cause was submitted on the brief of *Stephen F. Hansen* and *Johnson, Hansen, Shambeau & Johnson, S.C.* of Waupaca.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Betty Bonnell appeals from that part of the divorce judgment pertaining to property division. We reverse and remand.

Betty and John Bonnell were married in 1946.   In 1954, Betty inherited six cottages on the Chain-O-Lakes in Waupaca County.   These cottages were rented out to the public as a resort business.   John worked full time and performed substantial work remodeling and rebuilding the cottages.   Betty ran the resort business, kept their books and managed their financial affairs.

From 1954 until 1978, Betty had sole title to the cottages.   On August 23, 1978, Betty conveyed the cottage properties to herself and John as joint tenants.   This action was commenced October 9, 1979.   The trial court found that Betty made a gift of her inherited property to John.   The court divided the marital estate by giving $176,517.50 to John and $239,670.00 to Betty.   The cottages comprised about 80% of the estate and two of them were included in John's award.

The issue is whether the trial court abused its discretion by awarding John part of Betty's inherited property.

Division of property at divorce is within the sound discretion of the trial court and will not be reversed on appeal except for an abuse of discretion. *Bahr v. Bahr,* 107 Wis. 2d 72, 77, 318 N.W.2d 391, 395 (1982). " 'An abuse of discretion occurs when the trial court has failed to consider proper factors, has made a mistake or error with respect to the facts upon which the division was made, or when the division itself was, under the circumstances, either excessive or inadequate.' " *In Matter of Marriage of Jasper v. Jasper,* 107 Wis. 2d 59, 63–64, 318 N.W.2d 792, 795 (1982) (citation omitted). A discretionary determination must rely on the facts of record and the appropriate and applicable law. *Id.* at 64, 318 N.W.2d at 795.

Betty contends that the trial court exceeded its statutory power under sec. 767.255, Stats., by dividing the cottage properties she inherited during the marriage. Section 767.255 (intro.) stated in pertinent part:[1]

---

[1] The Laws of 1979 made two changes in sec. 247.255 (intro.), Stats. (1977). First, sec. 247.255 was renumbered to sec. 767.255, Stats. by sec. 50, ch. 32, Laws of 1979, effective July 20, 1979. The language remained identical to that contained in sec. 247.255. The divorce proceeding in this case commenced on October 9, 1979. Thus, it fell under newly renumbered sec. 767.255 although the language of the statute remained identical to sec. 247.255. The second change was made by sec. 29, ch. 196, Laws of 1979, effective August 1, 1980. The language of sec. 767.255 (intro.) was amended and states in pertinent part:

Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in

Any property inherited by either party prior to or during the course of the marriage shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property except inherited property is to be divided equally between the parties . . . .

She argues that since the cottage properties were inherited, they are not part of the marital estate.

Transfer of title, in and of itself, is not sufficient to take property out of the exception for inherited property contained in sec. 767.255, Stats. Evidence of an intention to make a gift must also exist before the property can be treated as a marital asset. *Walber v. Walber,* 40 Wis. 2d 313, 323, 161 N.W.2d 898, 903 (1968). The trial court found that Betty intended to make a gift to John of the inherited properties and that the gift was made of Betty's own volition. It found that John did not make any misrepresentations and did not force Betty to place the properties in joint tenancy. These findings are not against the great weight and clear preponderance of the evidence and will not be reversed. *Fidelity & Deposit Co. v. First Nat. Bank of Kenosha,* 98 Wis. 2d 474, 484–85, 297 N.W.2d 46, 51 (Ct. App. 1980). Betty retained sole ownership of the cottage properties for twenty-four years. She testified at trial:

I got tired of hearing about how nothing was John's. I made out a will leaving everything to him if I died, but that didn't seem to satisfy him. I thought if that would

a fair and equitable manner. The court shall presume that all other property is to be divided equally between the parties . . . .

Because this action was commenced October 9, 1979, the second change is not applicable.

make him happy, why I would do that if I could find a lawyer to do it. . . . He didn't ask me in so many words, he just kept telling me that nothing was his.

Betty's gift to John took his interest in the properties out of the inherited property exception contained in sec. 767.255, Stats., and made it a divisible marital asset. The trial court properly treated the gift to John as part of the marital estate.

However, Betty did not transfer all interest in the property to John. Section 700.17, Stats., provides that each joint tenant has an equal interest in the whole property for the duration of the tenancy. Betty retained an interest which should have been valued at fifty percent of the fair market value of the property. That interest remained her separate, inherited property under sec. 767.255, Stats., which requires that the trial court exclude inherited property from division unless it finds that refusal to divide the property will create a hardship on the other party or the parties' children. The trial court erred by not excluding Betty's interest in the inherited property from the marital estate or making a finding that refusal to divide her interest in the cottages would create a hardship to John.[2]

We remand to permit the trial court to exclude Betty's interest in the cottages from the marital estate or find that refusal to divide her interest would create a hardship to John.[3] The court should then re-examine the

[2] The parties' children are all adults. Neither party contends that sec. 767.255 (intro.), Stats., applies to adult children.

[3] As required with any discretionary determination, a finding that refusal to divide Betty's interest in the cottages would cause John to suffer a hardship must be supported by reasons *why* he would suffer a hardship. *Bahr v. Bahr*, 107 Wis. 2d 72, 82, 318 N.W.2d 391, 397 (1982).

property division because its decision as to the inherited property may impact on the division of the balance of the property. *See* sec. 767.255(12), Stats., *and Fuerst v. Fuerst*, 93 Wis. 2d 121, 132, 286 N.W.2d 861, 866 (Ct. App. 1979) (trial court has wide discretion to consider what factors it considers relevant in a property division).[4]

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.

---

[4] Section 767.255(2r), Stats., reads: "Whether one of the parties has substantial assets not subject to division by the court." It applies only to actions commenced on or after August 1, 1980. Sec. 51, ch. 196, Laws of 1979. Prior to that date, the factor now found in sec. 767.255(2r) could be considered by trial courts under sec. 767.255(12).

