Theresa ASBECK, Petitioner-Respondent,

v.

Raymond ASBECK, Respondent-Appellant.

Court of Appeals

*No. 82-2044. Submitted on briefs June 14, 1983.—Decided November 16, 1983.*
(Also reported in 342 N.W.2d 750.)

For the respondent-appellant the cause was submitted on the briefs of *Gerritt J. Van Wagenen* of *Schnellbaecher and Van Wagenen,* of Milwaukee.

For the petitioner-respondent the cause was submitted on the brief of *Tom E. Hayes* of *Godfrey, Trump & Hayes,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J.    When a divorce court is called upon to include inherited property in the divisible estate pursuant to the hardship exception of sec. 767.255, Stats., we hold the decision is a matter within the sound discretion of the trial court.  It is not a factual determination subject to the clearly erroneous/great weight and clear preponderance of the evidence test.  Following this conclusion, we find that the trial court did not abuse its discretion and affirm.

Raymond Asbeck appeals from the trial court's decision to include inherited property in the division of the marital estate.  He and Theresa Asbeck were married in 1938.  Theresa commenced divorce proceedings against

Raymond in November of 1980. They have three adult children. Both Raymond and Theresa were in good health when the divorce was granted in 1982.

The parties accumulated a substantial marital estate, which apparently enabled Raymond to retire from the lithography business in 1965 at the age of fifty-two. From that point on, the parties lived off of their investments and resided in a Brookfield home, which Raymond had purchased many years before. Theresa was a homemaker and not employed outside of the home until 1972 when she began parttime employment as a babysitter and a substitute nursery school teacher. Aside from the investment income which totaled approximately $8,000 in 1982, the parties each had small monthly incomes, mainly from social security.

The value of the marital estate, including stocks valued at over $100,000 and the homestead valued at over $70,-000, totaled just over $200,000. The parties had four automobiles. The newest car was in Theresa's possession, and the other cars were in Raymond's possession. An additional significant asset is the subject of this appeal.

In 1958, Raymond and his brother each inherited one-half interest in some recreational property in Three Lakes, Wisconsin. Raymond bought out his brother's interest in 1968 for approximately $19,500. At the time of the trial, the property was assessed at just over $100,-000. It appears that at least some of the funds utilized by Raymond to purchase his brother's interest were derived from inherited property.

Section 767.255, Stats., provides in pertinent part:

Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hard-

ship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner.

The trial court decided to include the Three Lakes property in the divisible estate. Alluding to the fifty/fifty split presumed by sec. 767.255, the trial court essentially awarded the savings accounts, stocks and insurance policies to Theresa and the homestead and Three Lakes property to Raymond. The parties kept the cars in their possession. No maintenance or support was awarded.

On appeal, Raymond asserts that the Three Lakes property was improperly included in the estate. He asserts the trial court failed to make a finding of hardship and that such a finding would be against the great weight and clear preponderance of the evidence.

Before considering the merits of the appeal, we must clarify the standard of review. As a general matter, the property division rests in the sound discretion of the trial court, and the division will not be upset absent an abuse of that discretion. *Johnson v. Johnson,* 78 Wis. 2d 137, 143–44, 254 N.W.2d 198, 202 (1977). The proper exercise of discretion requires "a reasoning process dependent upon facts in, or reasonable inferences from, the record and a conclusion based on proper legal standards." *Holbrook v. Holbrook,* 103 Wis. 2d 327, 340, 309 N.W.2d 343, 349 (Ct. App. 1981).

Regarding the more specific determination of "hardship," however, it is at least arguable that the standard of review is not as clear. There is apparently no controlling case authority.[1] Moreover, sec. 767.255, Stats., requires the trial court to make a "finding" of hardship

---

[1] In *Bonnell v. Bonnell,* 111 Wis. 2d 337, 341 n. 3, 330 N.W.2d 237, 240 (Ct. App. 1983), a footnote stated that a determination of hardship was a discretionary determination. This statement was dicta, however.

if an inheritance is to be included in the marital estate. The use of the word "finding" rather than "conclusion" can be argued to indicate that the determination of hardship is a factual determination.

We rule otherwise, as we see two problems with saying that "hardship" is a finding of fact. First, hardship is an indefinite concept which will depend upon the circumstances of an individual case. There is an element of flexibility and choice required that cannot be reduced to rules. The choice is not between two conflicting facts or inferences, as in findings of fact. Rather, the choice here is to weigh a variety of considerations in arriving at an equitable and individualized solution. Thus, the very essence of "hardship" is that it is a judgment by the court uncontrolled by either fixed rules of law or propositions of fact similar to those found in other published cases.

Second, calling hardship a factual determination infers that once hardship is found, legal consequences must attach—in this case, inclusion into the marital estate. The statute states, however, that even if the trial court believes hardship is present, the inherited property is not automatically included for division between the parties. Rather, upon a hardship finding, the statute provides that "the court *may* divest the party of such property in a fair and equitable manner." Sec. 767.255, Stats. (Emphasis added.)

This is not to say that the facts may be ignored by the trial court in making its decision. In ruling that hardship is a question of discretion, we underscore that discretion does not mean a decision based upon an unknown or questionable assumption. Rather, judicial discretion implies the exercise of a judicial value judgment based upon pertinent and relevant factual data. The importance of

recognizing the factors or equities that affect the trial court's judgment cannot be minimized. This is why *Holbrook* requires a reasoning process dependent upon facts that are of record or reasonably derived by inference from the record. Thus, in making its decision on hardship, the trial court's duty is threefold. First, a finding of hardship should be made. Second, the trial court should explain what facts and inferences it is relying upon in making the decision. Third, the trial court's discretionary choice should reflect the variety of considerations weighed and the conclusion logically derived from that weighing process. The result should show something more than an arbitrary choice and something less than application of a fixed standard. We believe this is what the legislature meant when it included the word "finding" of hardship. We conclude that hardship is a discretionary finding.

Our scope of review is that a discretionary order will be affirmed if there is any reasonable basis for it. *In re Jasper v. Jasper,* 107 Wis. 2d 59, 64, 318 N.W.2d 792, 795 (1982). Turning to the record, although the trial court did not state, in so many words, that a refusal to include the Three Lakes property in the division would create a hardship to Theresa, its memorandum decision leaves no doubt that such a finding was made. The decision shows that the trial court was well aware of the hardship requirement, as illustrated by its comparison of Theresa's much smaller inheritance with Raymond's Three Lakes inheritance. The trial court specifically found that no hardship would result to Raymond if Theresa's inheritance moneys were excluded from the estate. Then, in the very next paragraph of its decision, the trial court found that "[o]n the other hand, the Three Lakes property is considered part of the estate."

The trial court stated that the substantial value of the Three Lakes property had to be included in the property

division if Theresa was to have an adequate income source. On the other hand, Raymond argues that an equal division of the estate without the Three Lakes property would have been reasonable and would have provided Theresa with sufficient funds to meet her needs.

We reject the assertion that there can be no finding of hardship where a division without the exempt property would be sufficient to meet the essential needs of the affected party. The finding of hardship must depend upon the varying considerations in each individual case. Hardship in one case may not be hardship in another case. This is an illustration of our foregoing statement that although propositions of fact might be sufficient to create or deny hardship in an earlier published decision, reliance upon that case may not be controlling in another case. That is a choice to be made by the judge based on reasoned exposition.

This case provides a good example of reasoned exposition. The trial court recognized that Theresa was over seventy years old, had a *de minimis* income with little or no job future, and would live primarily off of the assets of the estate for the rest of her life. The trial court recognized that maintenance was not appropriate here. However, it almost certainly would have been appropriate had Raymond been working. We conclude no abuse of discretion occurred in the trial court's finding that a refusal to include the otherwise exempt Three Lakes property in the divisible estate would cause hardship to Theresa.

We similarly conclude that the trial court properly exercised its discretion by dividing the estate as it did. In addition to the facts already emphasized above, the trial court recognized that the forty-four year marriage

of the parties was a most significant factor. It stated that failure to include the Three Lakes property in the divisible estate would ignore the value and substance of this lengthy marriage to the detriment of Theresa's comfort and convenience. Although the bulk of the estate, even excluding the Three Lakes property, was accumulated by Raymond, this in no way lessens Theresa's role in the marriage or her entitlement to the estate. The contributions of a homemaker to the marriage may be considered equal to or greater than those of a wage earner. *Wilberscheid v. Wilberscheid,* 77 Wis. 2d 40, 47, 252 N.W.2d 76, 80 (1977).[2]

Raymond asserts that the division will cause him hardship. He asserts an abuse of discretion and urges this court to amend the judgment to correct the hardship.[3] We see no hardship to Raymond. The division left Raymond in possession of two pieces of property, the value of which exceeded fifty percent of the estate. The fact that Raymond is now in a position where the sale of one of the properties is probably necessary does not change the fact that the division was more favorable to him than to Theresa. The sale of real estate is generally required by divorce judgments. We see no abuse in the decision

[2] We also note that Raymond's inheritance was received many years prior to the divorce and some six years before his early retirement. It would appear likely that the inheritance figured prominently in Raymond's decision to retire. Raymond's early retirement, of course, acted to limit the accumulation of new assets which would have been available for division upon divorce. We believe that the inclusion of the Three Lakes property in the divisible estate is also warranted by these additional circumstances.

[3] Raymond also alleges sex bias on the part of the trial court. The errors in the trial court's decision do not show bias. They are not of a nature which calls into question the proper exercise of discretion by the trial court. We conclude they were not material to the division of the estate.

to award the real property to Raymond and the bulk of the remaining assets to Theresa.

*By the Court.*—Judgment affirmed.