Clarence BADTKE, Personal Representative of the Estate of Marie C. Badtke, deceased, Plaintiff-Respondent,

v.

Arnold G. BADTKE and Dorothy M. Badtke, Defendants-Appellants.

Court of Appeals

*No. 84–819. Submitted on briefs December 17, 1984.— Decided January 23, 1985.* (Also reported in 364 N.W.2d 547.)

For the defendants-appellants, the cause was submitted on the briefs of *William R. Wilde* of *Curtis-Wilde Law Offices,* of Oshkosh.

For the plaintiff-respondent, the cause was submitted on the brief of *Charles J. Hertel* and *Ronald L. Lampe* of *Dempsey, Magnusen, Williamson & Lampe,* of Oshkosh.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Arnold and Dorothy Badtke (Badtkes) appeal from a final judgment reciting that they owe balances on two mortgage notes executed on January 4, 1971 in favor of Arnold's mother, Marie C. Badtke.

Clarence Badtke, personal representative of the estate of Marie, commenced the instant action to collect on the mortgage notes. The jury answered question 3 of the special verdict as follows:

Have the defendants paid any or all of the following notes:
(a) Mortgage Note dated March 4, 1975, for the principal sum of $19,000?
ANSWER *"No"*
(b) Mortgage Note dated January 4, 1971, for the principal sum of $17,500?
ANSWER: *"Yes"*
(c) Mortgage Note dated January 4, 1971, for the principal sum of $16,000?
ANSWER: *"Yes"*

The jury also determined in the special verdict that Marie was mentally incompetent at the time she executed various other mortgage documents related to transactions with Arnold and that she executed these mortgage documents as the result of undue influence by either Arnold or Dorothy. With respect to the balance due and owing on the mortgage note of March 4, 1975, referred to in question 3(a) of the verdict, the jury determined that Marie did not make a gift to the Badtkes of such balance. The jury also determined that the Badtkes had not paid a promissory note dated October 16, 1967. Finally, the jury determined that Arnold converted to his own use $8,193.28 of payments by Donald and Carolyn Retzlaff pursuant to a promissory note the Retzlaffs had executed to Marie.

In response to the estate's post-verdict motion, the trial court changed the answers to questions 3(b) and 3(c) of the verdict from "yes" to "no." The propriety of these answer changes by the trial court is the issue on appeal. We conclude that questions 3(b) and 3(c) are so ambiguous that the answers of the jury did not resolve the ultimate facts at issue. Under the applicable case law, we conclude that such ambiguities constitute

"omitted issues" under sec. 805.12(2), Stats., and that they were therefore properly determined by the trial court. We further conclude that such findings are not clearly erroneous. Therefore, we affirm.

The evidence was undisputed that the Badtkes had made some payments on the two mortgage notes dated January 4, 1971, which were the subject of questions 3(b) and 3(c). The reverse side of the notes themselves reflected the partial payments previously made. However, the Badtkes contended that they had paid the notes in full. The introductory language to both of these questions, however, inquired whether the Badtkes had paid "any or all" of the notes. It is impossible to determine from the "yes" answers whether the payments of the Badtkes constituted partial payments or full payments because the questions were ambiguous. Therefore, the answers do not clearly decide the issues.

*Schoonover v. City of Viroqua*, 245 Wis. 239, 14 N.W.2d 9 (1944), holds that where a jury answer to an ambiguous question does not present a clear-cut determination of an issue, a court is bound to make its own findings of fact on the question. The *Schoonover* court cited sec. 270.28, Stats. (1943), as the authority for such a procedure. That statute was the substantial equivalent of the present sec. 805.12(2), Stats., which provides as follows:

OMITTED ISSUE. When some material issue of ultimate fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, the issue shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on the issue shall be deemed a waiver of jury trial on that issue.

The statute is most often utilized in a case where the parties and the court have overlooked the necessity of having the jury address a particular material issue. In

the instant case, the trial court, at the hearing on the motion to change the answers, observed that the drafting of the questions was a "mistake" on the part of the attorneys and the trial court. In addition, the trial court alluded to an inquiry from the jury during the course of deliberations apparently inquiring as to the effect of a "yes" answer to the questions concerning notes on which partial payments had been made. The trial court opined that the jury could have concluded that the questions warranted "yes" answers because *some* payments had been made. Finally, the trial court concluded that neither it nor the attorneys recognized the ambiguous form of the questions at the time but that nonetheless the jury was misled.

If the statute applies in a situation in which the parties and the court have mistakenly failed to submit a material issue to the jury, no sound reason exists why it should not also apply where the parties and the trial court have mistakenly submitted an ambiguous question on a material issue to the jury. The answer returned to the ambiguous question is as useless as if no question had been submitted. *Schoonover* says as much, and we adopt its rationale here.

Arnold contends that the estate waived its right to relief under sec. 805.12(2), Stats., the "omitted issue" statute. We disagree. Although the matter was brought to the attention of the trial court by way of a motion to change an answer in the verdict, the trial court did address the ambiguous nature of the question. Although the trial court granted relief in the form of changing the answer, we conclude that it nonetheless touched all the requisite bases when addressing an "omitted issue" question. Irrespective of the form of the motion, the estate did bring the ultimate question of the correctness of the jury answers to questions 3(b) and (3)(c) to the atten-

tion of the trial court. If we were to adopt the Badtkes' "waiver" argument, we still would be left with an ambiguous question, the answer to which leaves no clearcut determination of the issue.

Appellate courts may approve the actions of trial courts for reasons other than those relied upon below. *See, e.g., State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982). Here, the misleading aspects of the questions put to the jury were fully debated before the trial court, albeit within the context of a motion to change an answer. Although the trial court's ultimate action was to grant the motion to change the answer, it nonetheless found the question to be ambiguous and then turned to an analysis of the applicable evidence in answering the question in an unambiguous form. This exercise is contemplated by sec. 805.12(2), Stats.[1]

Section 805.12(2), Stats., provides that where an omitted material issue is not submitted to the jury, the issue "shall be deemed a waiver of jury trial . . . ." In such a case, the appropriate standard of review is whether the findings are clearly erroneous. *See* sec. 805.17(2), Stats.

The trial court found that the evidence did not establish payment of the notes in full. The court noted the lack of accounting records which might have verified the

---

[1] On its face, the statute does not *require* the trial court to make the omitted finding. Rather, the statute simply deems the omitted finding to have been made in conformity with the judgment. *See, e.g., Rusczck v. Chicago & Northwestern Railway Co.,* 191 Wis. 130, 210 N.W. 361 (1926). However, the statute does not forbid the trial court from supplying the omitted finding based upon an analysis of the evidence. This was the procedure utilized by the trial court in the instant case, and such procedure has previously been approved. *See Schoonover v. City of Viroqua,* 245 Wis. 239, 14 N.W.2d 9 (1944).

claimed payments by the Badtkes. The trial court also noted a similar lack of accounting records reflecting receipt of any such payments by Marie. Furthermore, in answering questions 3(b) and 3(c), the trial court clearly rejected Arnold's credibility—as did the jury in the other matters addressed by the special verdict. The only testimony supportive of Arnold's claim of payments to Marie was his own. When reviewing findings of fact by a trial court, we are obligated to give due regard to the credibility determinations of the trial court. *See* sec. 805.17(2), Stats. We conclude that the findings of the trial court that the Badtkes had not fully paid the mortgage notes dated January 4, 1971 and addressed in questions 3(b) and (3)(c) are not clearly erroneous.

In light of these holdings, we are not required to address the remaining grounds upon which the Badtkes challenge the findings and actions of the trial court. Nor are we required to address the further grounds upon which the estate justifies the trial court's actions.

*By the Court.*—Judgment affirmed.