IN RE the MARRIAGE OF: Elaine S. KUHLMAN, Petitioner-Respondent,

v.

David H. KUHLMAN, Appellant.

Court of Appeals

*No. 87-2039. Submitted on briefs August 16, 1988.—Decided September 22, 1988.*

(Also reported in 432 N.W.2d 295.)

For the appellant the cause was submitted on the briefs of *Andrew P. Bissonnette* and *Bissonnette, Gergen & Gergen, S.C.,* of Beaver Dam.

For the petitioner-respondent the cause was submitted on the brief of *James H. Olson* and *Olson Law Office,* of Beaver Dam.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J. David Kuhlman appeals from the property division portions of a divorce judgment. In dividing the parties' property, the trial court relied extensively on provisions of the Wisconsin Marital Property Act, ch. 766, Stats., and that reliance frames the dispositive issue in the case: whether the act supersedes or supplants the property division provisions of the divorce law, sec. 767.255, Stats. We believe that it does not, and we therefore reverse on grounds that the trial court's decision was based on an erroneous view of the law.

The facts are not in dispute. During the Kuhlmans' twenty-five year marriage, they lived on and worked a farm purchased from David Kuhlman's parents. The farm was the couple's major asset. It was purchased on a land contract in 1977 for $88,000, and by the time of the divorce it was valued at $104,000. Over time, David Kuhlman's mother forgave more than $46,000 of the land contract debt, and one of the primary issues at trial was how that forgiveness should be treated in the property division—whether as gifted or inherited property exempt from division under sec. 767.255, Stats., or as part of the marital estate and thus subject to division. Another dispute involved the extent of the parties' contributions to the family farming enterprise and how those contributions should be recognized in the property division.

The trial court, ruling that the Marital Property Act "super[sedes]" the property division provisions of sec. 767.255, Stats., and the body of case law decided

thereunder, began its analysis with the Act's underlying presumption that all property of the spouses is marital property. Sec. 766.31(2), Stats. The court went on to apply the "mixing" and "tracing" provisions of ch. 766, eventually concluding that the full value of all farm property, both real and personal, was marital property within the meaning of ch. 766, and dividing it equally between the parties.

The division of the property in a divorce action rests in the sound discretion of the trial court, and we will interfere with the ruling only if the court has abused that discretion. *Asbeck v. Asbeck,* 116 Wis. 2d 289, 293, 342 N.W.2d 750, 752 (Ct. App. 1983). If the court's decision reflects a reasoning process based on the facts of record and a conclusion drawn from the application of proper legal standards, it will be affirmed. *In re Marriage of Weiss v. Weiss,* 122 Wis. 2d 688, 702, 365 N.W.2d 608, 615 (Ct. App. 1985). But if the court relies on an incorrect legal standard—if it decides the case based on an erroneous view of the law—that constitutes an abuse of discretion and the decision may not stand. *State v. Wyss,* 124 Wis. 2d 681, 734, 370 N.W.2d 745, 770 (1985). When the trial court ruled that the Marital Property Act governed the property division in this divorce case, it decided the issues under inapplicable law.

Section 767.255, Stats., prescribes the manner in which the property of a married couple is divided upon dissolution of the marriage. It concerns division of the "marital estate"—that is, property brought into the marriage or acquired during the marriage—and it distinguishes between portions of that estate that are subject to division in the divorce proceedings and those which are not. It is an "equitable distribution"

law, for, while it directs the court to presume that all property other than that acquired by one party through gift or bequest is to be divided equally, it allows "alter[ation]" of that equal division upon consideration of several listed factors, including, *inter alia,* the parties' earning capacities, their individual assets, and the contribution of each to the marriage and to "the education, training or increased earning power of the other."

While some confusion is inevitable when courts, as they often do, refer to a divorcing couple's assets as "marital property," the reference is not to "marital property" as that term is defined in the Marital Property Act, but simply to property of the marriage which is subject to division upon divorce within the meaning of sec. 767.255, Stats. The Marital Property Act, on the other hand, has nothing to do with division of property on dissolution of a marriage. It is concerned only with the spouses' ownership of property during the marriage and at their death.

Wisconsin's marital property law is based on the Uniform Marital Property Act, and it closely tracks the provisions of that act. *See, e.g.,* L. Adelman, *et al.,* "Departures From the Uniform Marital Property Act Contained in the Wisconsin Marital Property Act," 68 Marq. L. Rev. 390 (1985). The prefatory note to the uniform act emphasizes that it has nothing to do with divorce proceedings—that it does no more than "take[] the parties 'to the door of the divorce court' ... leav[ing] to existing dissolution procedures in the several states the selection of the appropriate procedures for dividing property." Unif. Marital Property Act, Prefatory Note, 9A U.L.A. 100 (1987). The comments to specific provisions of the act make the distinction clear:

> It is not the mission of the Act to enter into the territory of equitable distribution or other systems of property division at dissolution. ... The Act is not designed to interfere with ["equitable distribution"] under the statutes and cases in an adopting state or to ordain an equal division when that is not otherwise indicated. What the Act will do is to create a different balance of ownership *going in* to the equitable division procedure from one which typically exists in common law jurisdictions in which title and ownership are synonymous. *Id.,* sec. 17, Comment at 137 (emphasis in original).

The Wisconsin Legislative Council comment to sec. 766.75, Stats., refers to the U.L.A. note in explaining an amendment to the Wisconsin act which was designed to "avoid any confusion about whether ch. 766 affects the court's equitable powers to divide the property of [divorcing] spouses under s. 767.255." Sec. 766.75, Wis. Stats. Ann. (1988 Supp. at 69). The council's comment states that the Wisconsin act was not intended "to affect existing law that applies to property division at dissolution of a marriage." *Id.* Other commentators agree:

> Chapter 766 provides the rules which govern the ownership as well as management and control of property owned by married persons during their marriage. It also provides many of the rules which affect the right to dispose of spousal property at death. In contrast, section 757.255 *suspends* the ownership rules which would otherwise apply to married persons and determines property ownership in the context of divorce. Section 767.255 implements the legislative purpose of chapter 767 to consider the "real needs" ... of divorcing parties and their children and it disregards the property classification rules of chapter 766 which would

otherwise apply to determine spousal property rights. ...

....

Thus, applying "marital property" terminology from chapter 766 to section 767.255 divorce actions is not merely technically incorrect: it confuses chapter 766 property rules and policies with divorce rules and policies set forth in section 767.255. ... Wisconsin's adoption of a marital property system does not mandate application of chapter 766 rules to issues relating to division of spousal property at divorce.

J. Weisberger, "The Marital Property Act Does Not Change Wisconsin's Divorce Law," 60 Wis. Bar Bull. 14 (May 1987) (emphasis in original; footnotes omitted). We agree with Professor Weisberger's analysis and note that it finds support in 2 K. Christiansen, *et al., Marital Property Law in Wisconsin,* secs. 11.1 and 11.2b, at 11–3, 11–7 (1986), where the authors state: "It is clear from a review of the Act that it was not intended to change the law of divorce or other forms of dissolution," and that "the process by which a Wisconsin court determines an equitable division remains unchanged by the Act."

 There are substantial differences between ch. 766 and sec. 767.255, Stats., both in language and in policy. And those differences did not come about by chance; they were deliberately drawn by the legislature to achieve different goals. We conclude, therefore, that the trial court erred as a matter of law when it decided the property division in this case under the provisions and principles of the Marital Property Act.

Elaine Kuhlman argues, however, that because we will, in appropriate cases, affirm where a court has

reached the right result for the wrong reasons, we should do so here, citing, *Badtke v. Badtke,* 122 Wis. 2d 730, 735, 364 N.W.2d 547, 549 (Ct. App. 1985), and *Negus v. Madison Gas & Electric Co.,* 112 Wis. 2d 52, 61 n. 3, 331 N.W.2d 658, 664 (Ct. App. 1983). In *Badtke,* the trial court's decision was sustainable based on its supportable findings of fact and its credibility determinations; *Negus,* however, was a summary judgment case where we reviewed a question of law, which we decide independently of the trial court.

We have already noted the wide discretion possessed by trial courts in fashioning divorce remedies—particularly in the division of property. In this case, the trial court has never had the opportunity to determine the property issues under the appropriate legal guidelines. It is not an issue we can resolve as a matter of law, nor is it one where the factual findings readily fit a legal niche. Rather, is is one best suited for resolution by the trial court exercising its discretion in light of the criteria found in sec. 767.255, Stats.

We therefore reverse the judgment insofar as it divides the property of the parties and remand for reconsideration of that division under appropriate legal standards.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.